**GOODMAN et al. v. DICKER et al.**

**No. 9786.**

United States Court of Appeals District of Columbia.

Argued May 14, 1948.

Decided July 26, 1948.

Mr. Irving B. Yochelson, of Washington, D. C., with whom Messrs. Solomon Grossberg and Isadore Brill, both of Washington, D. C., were on the brief, for appellants.

Mr. Harry Sylvester Wender, of Washington, D. C., with whom Mr. H. Nathaniel Blaustein, of Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, PROCTOR and GRONER, Associate Justices.

PROCTOR, Associate Justice.

This appeal is from a judgment of the District Court in a suit by appellees for breach of contract.

Appellants are local distributors for Emerson Radio and Phonograph Corporation in the District of Columbia. Appellees, with the knowledge and encouragement of appellants, applied for a "dealer franchise" to sell Emerson's products. The trial court found that appellants by their representations and conduct induced appellees to incur expenses in preparing to do business under the franchise, including employment of salesmen and solicitation of orders for radios. Among other things, appellants represented that the application had been accepted; that the franchise would be granted, and that appellees would receive an initial delivery of thirty to forty radios. Yet, no radios were delivered, and notice was finally given that the franchise would not be granted.

The case was tried without a jury. The court held that a contract had not been proven but that appellants were estopped from denying the same by reason of their statements and conduct upon which appellees relied to their detriment. Judgment was entered for $1500, covering cash outlays of $1150 and loss of $350, anticipated profits on sale of thirty radios.

The main contention of appellants is that no liability would have arisen under the dealer franchise had it been granted because, as understood by appellees, it would have been terminable at will and would have imposed no duty upon the manufacturer to sell or appellees to buy any fixed number of radios. From this it is argued that the franchise agreement would not have been enforceable (except as to acts performed thereunder) and cancellation by the manufacturer would have created no liability for expenses incurred by the dealer in preparing to do business. Further, it is argued that as the dealer franchise would have been unenforceable for failure of the

manufacturer to supply radios appellants would not be liable to fulfill their assurance that radios would be supplied.

■ We think these contentions miss the real point of this case. We are not concerned directly with the terms of the franchise. We are dealing with a promise by appellants that a franchise would be granted and radios supplied, on the faith of which appellees with the knowledge and encouragement of appellants incurred expenses in making preparations to do business. Under these circumstances we think that appellants cannot now advance any defense inconsistent with their assurance that the franchise would be granted. Justice and fair dealing require that one who acts to his detriment on the faith of conduct of the kind revealed here should be protected by estopping the party who has brought about the situation from alleging anything in opposition to the natural consequences of his own course of conduct. Dair v. United States, 1872, 16 Wall. 1, 4, 21 L.Ed. 491. In Dickerson v. Colgrove, 100 U.S. 578, 580, 25 L.Ed. 618, the Supreme Court, in speaking of equitable estoppel, said:

"The law upon the subject is well settled. The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. * * * This remedy is always so applied as to promote the ends of justice." See also Casey v. Galli, 94 U.S. 673, 680, 24 L.Ed. 168; Arizona v. Copper Queen Mining Co., 233 U.S. 87, 95, 34 S.Ct. 546, 58 L.Ed. 863.

■ In our opinion the trial court was correct in holding defendants liable for moneys which appellees expended in preparing to do business under the promised dealer franchise. These items aggregated $1150. We think, though, the court erred in adding the item of $350 for loss of profits on radios promised under an initial order. The true measure of damage is the loss sustained by expenditures made in reliance upon the assurance of a dealer franchise. As thus modified, the judgment is

Affirmed.