381 P.2d 581

Sam WEINER, Appellant,

v.

H. M. ROMLEY, Appellee.

No. 7159.

Supreme Court of Arizona.

En Banc.

May 8, 1963.

Johnson & Stewart, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, John P. Frank, Robert C. Kelso and Jeremy E. Butler, Phoenix, for appellee.

JENNINGS, Justice.

This is a quiet title action instituted by appellee Mrs. Ruby Romley against appellant Sam Weiner. The suit was tried on stipulated facts and judgment entered in favor of the appellee.

The stipulated facts show that in 1956 Weiner sued H. M. Romley on a negotiable instrument. In the course of that litigation, but prior to judgment, Weiner attached an automobile which was the separate property of Mrs. Romley, who was not a party to that action. In order to have the attachment released the following letter was prepared and executed under the direction of Mr. Romley's attorney.

"April 10, 1957

"Mr. Marvin Johnson

"Dear Sir:

"My wife and I own a piece of rental property located at 2243 East Mulberry, which is a three bedroom house, one and one-half baths which is rented on a yearly lease.

"We will not sell this house without written permission from you pending the outcome of the Sam Weiner litigation.

"/s/ H. M. Romley
"H. M. Romley

"/s/ Ruby E. Romley
"Ruby E. Romley

"WITNESS:

"/s/ Robert E. Kersting
"Robert E. Kersting"

This realty, however, was also Mrs. Romley's separate property. The parties stipulated that at the time of the execution of the letter Mrs. Romley was told by her husband's attorney to go ahead and sign it.

Mrs. Romley read it but did not realize quite what the letter meant except that it would accomplish the return of her automobile. She did not realize that she was signing any document that would alter the separate character of the real property referred to in the letter.

Subsequently, the automobile was released, Weiner recovered judgment against Mr. Romley, and the realty was attached and sold by the sheriff in satisfaction of the judgment. This quiet title action by Mrs. Romley followed.

Appellant contends, first, that the appellee did not come into court with clean hands, and second, that she is estopped to deny the representation contained in the letter that the property was owned by both the appellee and her husband.

An action to quiet title sounds in equity, and the maxim that he who comes into equity must come with clean hands applies. Belfer v. Lewis, 79 Ariz. 13, 281 P.2d 794 (1955); Mason v. Ellison, 63 Ariz. 196, 160 P.2d 326 (1945). This Court laid down the principle in MacRae v. MacRae, 37 Ariz. 307, 294 P. 280 (1930), that in determining the applicability of the clean hands doctrine it is the moral intent of the party seeking relief, and not the actual injury done, that is controlling. The Court indicated that it was "intentionally soiled hands" which could not invoke the juris-

diction of a court of equity. The misconduct which will deprive a party of equitable relief must be willful. Surgical Supply Service, Inc. v. Adler, 206 F.Supp. 564 (E.D.Pa.1962); Barr v. Petzhold, 77 Ariz. 399, 273 P.2d 161 (1954); Ferrick v. Barry, 320 Mass. 217, 68 N.E.2d 690 (1946); Frazier v. Mansfield, 305 Pa. 359, 157 A. 798 (1931).

"It is to be noted that the misconduct which will prevent equitable relief under the clean hands doctrine must have been wilfull. However, when the wrongful act was not wilfull but was committed by the plaintiff under an honest belief as to its validity, the plaintiff is not precluded by the clean hands maxim from seeking relief in equity." Surgical Supply Service, Inc. v. Adler, supra 206 F.Supp. at 571.

█ There is no evidence that Mrs. Romley acted willfully to deceive the appellant or that she acted in bad faith. When the letter was signed she was not represented by counsel and the record does not disclose that any advice concerning her individual property rights or concerning the difference between community and separate property was given her. There is, therefore, no reason to believe that she acted other than in the honest but mistaken belief that title to the property was as she had represented it to be. We conclude that appellee's conduct in this case is not of such character as to warrant the invocation of the clean hands doctrine.

We next consider the appellant's claim of estoppel. This Court has defined equitable estoppel as:

"the effect of the voluntary conduct of a party, whereby he is absolutely precluded from asserting rights which might have otherwise existed as against another person who, in good faith, has relied upon such conduct and has been led thereby to change his position for the worse. The essential elements of estoppel are that plaintiff, with knowledge of the facts, must have asserted a particular right inconsistent with that asserted in the instant action, *to the prejudice of another who has relied upon his first conduct.* * * * If any of these essential elements are lacking, there is no estoppel." City of Glendale v. Coquat, 46 Ariz. 478, 481-82, 52 P.2d 1178, 1180, 102 A.L.R. 837 (1935).

█ Appellant contends that by releasing the attachment in reliance upon appellee's representation and by giving up his right to litigate the validity of his claim to the automobile, he changed his position for the worse. On the other hand, appellee insists that appellant had no right in the automobile whatsoever and the only legal course of action available to him was

to release it. In support of his position appellant cites numerous cases which hold that forbearance to press a claim which is honestly and reasonably believed to be valid may be sufficient consideration for a promise even though the claim is ill founded. However true this proposition may be, such conduct is not a substantial or material change of position so as to estop the appellee from asserting her otherwise valid title to the property. The injury or prejudice which is required must be actual and substantial, and not merely technical or formal. Ashwander v. T. V. A., 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936); Knight v. Rice, 83 Ariz. 379, 321 P.2d 1037 (1958). The Supreme Court of Missouri has met appellant's argument, saying:

> "Finally there must have been some definite act on the part of the party claiming the estoppel, in reliance on the representation of the estopped party, which has changed his condition for the worse. He must have suffered a legal detriment; but the legal detriment must not be merely formal, as it is in the case of the doctrine of consideration in the law of contracts, but actual. His condition must be such that, if the estoppel be not permitted, he will suffer damage." State ex rel. McKittrick v. Missouri Utilities Co., 339 Mo. 385, 403, 96 S.W.2d 607, 615, 106 A.L.R. 1169 (1936).

■ Appellant also asserts in argument that appellee's representation made him feel secure "and as a result other property perhaps owned by [Mr. Romley] that would have been attached, may have been spared." Estoppel is never based on speculation. The law requires that facts be presented showing that substantial damages were sustained. Appellant has offered no evidence that any property was spared or that Romley even owned other property which could have been attached.

Appellant further asserts that promissory estoppel is a bar to judgment for the appellee. He contends that the appellee's promise not to sell the realty without appellant's consent was an implied promise to hold the realty subject to any decree in appellant's favor in the litigation between appellant and appellee's husband.

■ This Court has adopted the doctrine of promissory estoppel as it is set forth in § 90 of the Restatement of the Law of Contracts. Waugh v. Lennard, 69 Ariz. 214, 211 P.2d 806 (1949).

> "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice

can be avoided only by enforcement of the promise." Restatement, Contracts § 90.

Some writers apply this doctrine as a substitute for consideration in the law of contracts. See 1 Williston, Contracts § 139 (rev. ed. 1936). However, it may be applied in certain situations as a general principle of estoppel. That is, promissory estoppel includes all elements of equitable estoppel except the requirement that the representation relied upon relate to some present or past fact. Waugh v. Lennard, supra; Fried v. Fisher, 328 Pa. 497, 196 A. 39, 115 A.L.R. 147 (1938).

Turning to the case at hand, even though the promise could be implied from the letter as appellant suggests, he fares no better. The same substantial and material change of position which is required for equitable estoppel is also required for promissory estoppel, and we have concluded heretofore that the appellant did not so change his position for the worse. Therefore, appellee is not estopped to assert her interest in the property in question.

The judgment is affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER and LOCKWOOD, JJ., concur.

NOTE: UDALL, V. C. J., having disqualified himself, did not participate in the determination of this appeal.