**21 TURTLE CREEK SQUARE, LTD., Plaintiff-Appellant,**

v.

**NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Defendant-Appellee.**

**No. 27640.**

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1970.

David M. Thornton, Gerald G. Stamper, Tulsa, Okl., Lancaster Smith, Dallas, Tex., for plaintiff-appellant.

Henry W. Simon, Fort Worth, Tex., for defendant-appellee.

Before RIVES, GEWIN and INGRAHAM, Circuit Judges.

ON PETITION FOR REHEARING

INGRAHAM, Circuit Judge:

The court, having received a petition for rehearing in the above entitled and numbered cause and having considered the briefs of counsel filed in response thereto, modifies its opinion of May 11, 1970, by deleting the following language on page 1371 of the opinion:

"From Thornton's testimony, most favorable to 21, we must look to what Mr. Cunningham, representing FHA told him, that he could not give an agreement under the circumstances, 'with all the trouble this project has

---

had and have us committed to pick up your losses for you staying in there, in writing.' FHA did not approve an additional loan in any amount. By the undisputed evidence, the failure was in the performance of 21. Promissory estoppel is simply not in the case."

In its place, the court substitutes the following:

█ While Texas does recognize the applicability of the above quoted section of the restatement—that is not to say its applicability is without limitation. Thus when the particular case, as here, involves the Statute of Frauds, there exists the further requirement of reliance upon a second promise—a promise to reduce the first promise to writing. That the courts of Texas require this additional promise to remove an oral, and thus unenforceable, promise from the Statute of Frauds before promissory estoppel may apply is apparent from the latest pronouncement of the Texas Supreme Court on the subject in Cooper Petroleum Co. v. LaGloria Oil & Gas Co., 436 S.W.2d 889 (Tex.1969).

In *Cooper Petroleum,* involving the promise to guarantee payment of certain business accounts, the court had the following to say:

"According to the evidence and the jury's findings, the *promise was to sign a written guaranty,* and a written guaranty would have been enforceable. In previous dealings LaGloria had acted on oral promises that Cooper Petroleum would guarantee payment of I.M.I.'s accounts, and the written guaranties were furnished later. The promise in this instance was given for the purpose of inducing and it did induce LaGloria to continue making sales on credit to I.M.I. On the present record it is clear that injustice can be avoided only by enforcing the promise. Under the doctrine of promissory estoppel, therefore, and to the extent that Clark's promise is binding on Fagan, he is precluded from asserting that the

same is unenforceable with respect to deliveries made in reliance thereon. Wheeler v. White, Tex.Sup., 398 S.W.2d 93; Restatement of Contracts § 90, § 178 *and Comment f.*" 436 S.W.2d at 896 (Emphasis supplied).

From the court's holding, it can be clearly discerned that Comment f to § 178, Restatement of Contracts must be considered concomitant with § 90 when dealing with oral promises coming within the Statute of Frauds. Comment f, § 178 reads in pertinent part:

"Though there has been no satisfaction of the Statute, an estoppel may preclude objection on that ground. * * * A misrepresentation that there has been such satisfaction if substantial action is taken in reliance on the representation, precludes proof by the party who made the representation that it was false; and a promise to make a memorandum, if similarly relied on, may give rise to an effective promissory estoppel if the Statute would otherwise operate to defraud."

█ Thus, under § 178, the defense of the Statute of Frauds is only precluded when there has been (1) a *misrepresentation* that the Statute's requirements have been complied with, or (2) a promise to make a memorandum.

From the undisputed evidence and Thornton's testimony most favorable to 21, it is manifest that there was neither a misrepresentation by Teachers that the requirements of the Statute of Frauds had been complied with nor was there a promise to make a memorandum. To the contrary, it is undisputed that Mr. Cunningham, representing the FHA and Trombly and Furlong, representing Teachers, specifically and unequivocally refused to make such a writing. As Mr. Cunningham stated, "I couldn't give you that agreement under these circumstances with all the trouble this project has had and have us committed to pick up your losses for you staying in there in writing."

Appellant contends that the above analysis of promissory estoppel in Stat-

ute of Frauds cases is incorrect and cites as authority, Aubrey v. Workman, 384 S.W.2d 389 (Tex.Civ.App., Ft. Worth 1964, writ ref'd n.r.e.). Yet, in that case, the court quoted with approval the following language from Alaska Airlines v. Stephenson, 15 Alaska 272, 217 F.2d 295 (9th Cir. 1954):

> "The foregoing section (§ 90), not mentioning promissory estoppel, is addressed not to the statute of frauds but to promissory estoppel as a substitute for consideration. However, when one considers the part Samuel Williston took in the formulation of the Restatement of Contracts and then examines Section 178, Comment f., one must conclude that there was an intention to carry promissory estoppel (or call it what you will) into the statute of frauds if the additional factor of a promise to reduce the contract to writing is present. Williston on Contracts, 1936 Ed., Sec. 533A."

Appellant also relies on the case of Trinity Universal Ins. Co. v. Ponsford Bros., 414 S.W.2d 16 (Tex.Civ.App., El Paso 1967), aff'd on other grounds, 423 S.W.2d 571 (Tex.1968), and Wheeler v. White, 398 S.W.2d 93 (Tex.1966). However, the above cases are inapposite to our consideration of the case at bar. In *Trinity*, the court alluded to promissory estoppel, but it is clear that its holding is predicated upon the fact that a promise, although oral, is not within the Statute of Frauds when the main purpose of the promisor is to subserve some purpose of his own. Thus, estoppel could apply but only after the promise to answer for the debts of another has been removed from the Statute of Frauds under the "main purpose" or "leading object rule". Likewise, in the case of Wheeler v. White, *supra*, the Statute of Frauds was not in issue.

From an examination of the authorities above discussed, we are compelled to the conclusion that under the facts here presented most favorable to 21,

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

Teachers was entitled to judgment as a matter of law and that promissory estoppel under § 90 is simply not in the case.

Because a contrary result would not obtain under New York law, we are not presented with a question of conflict of laws.

In all other respects, the petition for rehearing is denied.