493 P.2d 1220

**TIFFANY INCORPORATED, an Arizona corporation, Appellant,**

**v.**

**W. M. K. TRANSIT MIX, INC., a corporation, Appellee.**

**No. I CA–CIV 1595.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 9, 1972.

Rehearing Denied March 6, 1972.

Review Denied April 18, 1972.

Cunningham, Goodson, Tiffany & Weltsch, Ltd., by Michael E. Tiffany, Phoenix, for appellant.

Ryley, Carlock & Ralston, by Joseph P. Ralston and James D. O'Neil, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from a summary judgment entered in favor of appellee, W.M.K. Transit Mix, Inc. (herein referred to as defendant) and against appellant, Tiffany Incorporated (herein referred to as plaintiff).

The following are the facts viewed in a light most favorable to plaintiff, the party opposing the summary judgment. Rule 56(c), Rules of Civil Procedure, 16 A.R.S.; Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962); Lawless v. Ennis, 3 Ariz.App. 451, 415 P.2d 465 (1966).

On June 14, 1968, plaintiff submitted a bid proposal to the Arizona State Highway Commission to furnish all necessary labor and materials to perform and complete the work on the Davis Dam-Kingman Highway project. This project called for a reconditioning process, consisting of an asphaltic solution application applied to the existing roadway and chips imbedded thereon, providing a new wearing surface for the roadway. On June 17, 1968, the State Highway Commission accepted plain-

tiff's bid, and on June 24, 1968, plaintiff entered into a contract with the State, through the State engineer, to perform the work on the project.

Prior to submitting its bid plaintiff requested a quote from defendant for the price defendant would supply the chips for the project. This request was made by telephone to defendant's Kingman plant. The price given over the telephone was $3.-50 per ton f. o. b. the Kingman plant. After plaintiff received the bid for the project it notified defendant by letter that plaintiff was the successful bidder and ordered 3100 tons of type C sealcoat chips. Thereafter plaintiff received a letter from defendant stating that there had been a "mix-up" on the quote given over the telephone by the office girl as she had no way of knowing what the Arizona Highway Department specifications were, and that her quote was for ⅜ pea gravel, not type C sealcoat chips. The letter further stated that defendant could not supply type C sealcoat chips which, according to Arizona Highway Department specifications, must have a certain percentage of fractured faces on each chip produced by crushing, as it had no rolls for its crusher.

When defendant failed to supply the sealcoat chips, plaintiff was required to purchase the material from another supplier at a higher price. In addition, this supplier had a low production of sealcoat chips, and as a consequence plaintiff did not complete the work on time and was required to pay a penalty to the Arizona Highway Department as specified in its contract.

Plaintiff subsequently brought this suit, which was captioned in its complaint as "contract-estoppel". Defendant alleged as its defense that the oral contract was unenforceable because of the Statute of Frauds and filed a motion for summary judgment which was granted by the trial court.

Plaintiff alleges on appeal that the trial court erred in granting defendant's motion for summary judgment as there were disputed issues of fact which could, if true, affect the final judgment. Plaintiff's allegations are based mainly on two theories: (1) that the Statute of Frauds was satisfied, and (2) if the Statute of Frauds was not satisfied, the theory of estoppel, which plaintiff relied on, establishes a defense to the Statute of Frauds.

■ We recognize that the law in Arizona is that it is improper to grant a motion for summary judgment if on an examination of the entire record it is found that any disputed fact issue exists which could, if true, affect the final judgment. Elson Development Co. v. Arizona Savings & L. Ass'n, 99 Ariz. 217, 407 P.2d 930 (1965); Arizona Coffee Shops v. Phoenix Downtown Park. Ass'n, 95 Ariz. 98, 387 P.2d 801 (1963); Sarti v. Udall, supra. With this pronouncement in mind, we will review the theories raised by plaintiff which we find determinative of this appeal.

First, plaintiff contends that the alleged oral contract was removed from the defense of the Statute of Frauds by A.R.S. § 44–2308, subsec. B.

A.R.S. § 44–2308, subsec. A provides:

"Except as otherwise provided in this section, a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown on such writing."

Plaintiff does not allege that there is any "writing sufficient to indicate that a contract for sale has been made" and relies on A.R.S. § 44–2308, subsec. B. That section provides:

"Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the

sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection A against such party unless written notice of objection to its contents is given within ten days after it is received."

This statute was recently discussed in the Arizona Law Review. The article stated:

"The Code solves a problem which often arose under prior law when an honest business man would confirm, by letter, an oral contract made by telephone. The Uniform Sales Act precluded the signer of such a letter of confirmation from invoking the Statute of Frauds but not the recipient who could sit back and watch the market conditions and declare the contract enforceable or unenforceable as he wished. Under subsection (2) [44–2308B], when a letter of confirmation is employed *between merchants*, the recipient must give *written notice of objection* within ten days after receipt or he is precluded from setting up the Statute of Frauds. Thus, before incurring expense in performance of what may be an unenforceable agreement, either party may forward a conformatory memorandum to the other party which, if not objected to in writing, is sufficient to satisfy the Statute of Frauds. Buyers and sellers should confirm all oral contracts by letter and should reply immediately (accepting or rejecting) upon receipt of such memoranda from the other party." (Emphasis theirs.) Staff, An Introduction to the Uniform Commercial Code, 9 Ariz.L.Rev. 216, at 221 (1967).

■ The written confirmation was sent to defendant by plaintiff on July 11, 1968, and received by defendant on July 15, 1968. Defendant sent its response, rejecting the confirmation on July 25, 1968, and the plaintiff received it on July 29, 1968. To determine whether defendant's objection was timely it is necessary to analyze A.R.S. § 44–2308, subsec. B. The statute says written notice of objection must be given within ten days after it is received. A.R.S. § 44–2208, subsec. 26 states:

"A person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person 'receives' a notice or notification when:

(a) It comes to his attention; or

(b) It is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications."

Further, Official Comment No. 26 to Ü.C. C. § 1–201, which is A.R.S. § 44–2208, states:

" 'Notifies.' New. This is a word used when the essential fact is the proper dispatch of the notice, not its receipt. Compare 'send.' When the essential fact is the other party's receipt of the notice, that is stated. The second sentence states when a notification is received."

Thus, the defendant gave its written notice of objection upon mailing its letter July 25, 1968. It is necessary to compute the time between when defendant received the confirmation on July 15, 1968, and the time defendant sent the objection on July 25, 1968. If July 15, 1968, the day defendant received the confirmation, is counted in computing the ten-day requirement, the rejection was not timely. If July 15, 1968, is not counted, the rejection was timely. A.R.S. § 44–2308 is silent as to the computation of time specified in this statute. A.R.S. § 1–243, which is in Article 3, Effect of Statutes, states:

"The time in which an act is required to be done shall be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded."

Defendant's objection was thus timely, having been mailed on the tenth day.

■ Plaintiff's second theory to be asserted as a basis for the reversal of the summary judgment granted by the trial

court is the theory of promissory and equitable estoppel. Defendant argues that the only theory of estoppel plaintiff relied on in the trial court was the theory of equitable estoppel; that there is a difference between equitable and promissory estoppel; and that plaintiff is precluded from raising the theory of promissory estoppel on appeal as it was not first raised in the trial court. After reviewing the record we find that plaintiff captioned his amended complaint as a contract-estoppel action, and affirmatively plead estoppel. The rule is generally that estoppel, whether the basis of a claim or a defense, must be specially plead. Conolly v. Great Basin Insurance Company, 6 Ariz.App. 280, 431 P.2d 921 (1967); Munger v. Boardman, 53 Ariz. 271, 88 P.2d 536 (1939). We can find no authority for the proposition that estoppel must be specifically plead as equitable or promissory estoppel. After a review of the record we·find that plaintiff's pleadings set forth facts sufficient to allege the theory of promissory estoppel.

■ Plaintiff asserts that there are two kinds of estoppel present in this case, i. e., promissory estoppel and equitable estoppel, or, as it is sometimes called, estoppel in pais. Thus we find it necessary to distinguish between promissory and equitable estoppel. Equitable estoppel involves, generally speaking, an affirmative misrepresentation of a present fact or state of facts and detrimental reliance by another thereon. Trollope v. Koerner, 106 Ariz. 10, 470 P.2d 91 (1970); Waugh v. Lennard, 69 Ariz. 214, 211 P.2d 806 (1949); Bohn v. Hill, 32 Ariz. 545, 260 P. 1096 (1927).

■ Promissory estoppel, on the other hand, generally does not involve a misrepresentation but a promise by one party upon which another relies to his detriment and which the promisor should reasonably have foreseen would cause the promisee to so rely. Waugh v. Lennard, supra; School District No. 69 of Maricopa County v. Altherr, 10 Ariz.App. 333, 458 P.2d 537 (1969). It may in certain situations be ap-

plied as a general principle of estoppel. Weiner v. Romley, 94 Ariz. 40, 381 P.2d 581 (1963). It operates not in regard to a past or presently existing state of facts, but rather to a situation which one party promises will be true in the future. Waugh v. Lennard, supra.

■ We believe the major distinction between equitable estoppel and promissory estoppel is that equitable estoppel is available only as a defense, while promissory estoppel can be used as a cause of action for damages. This particular distinction between the two theories seems to have been recognized in School District No. 69 of Maricopa County v. Altherr, supra, where the court said:

"\* \* \* One recent law review article points out that equitable estoppel is a shield, not a sword, hence it forms no basis for a cause of action for damages in contrast to promissory estoppel which gives rise to a cause of action for damages. 2 Okl.L.Rev. 89, Estoppel: Status of Promissory Estoppel in Oklahoma (1969); see also, 81 L.Q.Rev. 223, Estoppel as a Sword (1965); Hoffman v. Red Owl Stores, Inc. [26 Wis.2d 683, 133 N.W.2d 267], supra; Goodman v. Dicker, 83 U.S.App.D.C. 353, 169 F.2d 684 (1948); Wheeler v. White, 398 S.W.2d 93 (Tex. 1966)." 10 Ariz.App. at 340, 458 P.2d at 544.

The Oklahoma Law Review article stated:

"\* \* \* [E]quitable estoppel is a shield, not a sword; that is, it is available only as a defense by the party who has relied when the misrepresenting party seeks to enforce some claim against him. It is not a basis for a cause of action for damages against the misrepresenting party.

"Promissory estoppel, by contrast, gives rise to a cause of action for damages. \* \* \* Promissory estoppel can be either shield or sword." 2 Okl.L.Rev. 89, Estoppel, Status of Promissory Estoppel in Oklahoma (1969) at pp. 89, 90.

The main distinction is in accord with the majority of jurisdictions. 28 Am.Jur. 2d, Estoppel and Waiver, § 28.

■■ In the instant case the plaintiff is asserting estoppel as a cause of action for damages, not as a defense. Further, the promise alleged by plaintiff was that the defendant promised to supply plaintiff class C sealcoat chips at a certain price if plaintiff was awarded the highway contract. This alleged promise can be interpreted only as a promise to do something in the future. Thus if estoppel exists in this case it must be in the form of promissory estoppel. In analyzing promissory estoppel in relation to the facts of this case viewed in the light most favorable to plaintiff, the party opposing the motion for summary judgment, we find that the elements of this theory are met. In viewing the facts in favor of plaintiff, the record shows that defendant promised to supply class C sealcoat chips at a price of $3.50 per ton. Plaintiff relied to his detriment on this promise in that it subsequently used the quote to secure its successful bid from the Highway Department. Further, the defendant should reasonably have foreseen that plaintiff would rely on the quote and use it in its bid, if the quote were the lowest. In a case involving a similar set of facts, the California Supreme Court in Drennan v. Star Paving Company, 51 Cal.2d 409, 333 P.2d 757 (1958), also reached the conclusion that this was a proper case for promissory estoppel.

■ Even though this is a proper case for promissory estoppel the question is, can plaintiff avoid the defense of the Statute of Frauds by claiming damages on the theory of promissory estoppel? In determining whether promissory estoppel establishes a defense to the Statute of Frauds it is necessary to analyze the doctrine of promissory estoppel. Arizona adopted this doctrine from the Restatement of the Law of Contracts § 90. Waugh v. Lennard, supra; Weiner v. Romley, supra, School

District No. 69 of Maricopa County v. Altherr, supra.

Restatement of the Law of Contracts § 90 reads:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

Although this question has never been presented in Arizona, it has been decided in other jurisdictions. The United States Court of Appeals, construing the law of Texas in 21 Turtle Creek Sq., Ltd. v. New York St. Teach. Retire. Sys., 432 F.2d 64 (5th Cir. 1970), held as follows:

"* * * While Texas does recognize the applicability of the above quoted section of the restatement—that is not to say its applicability is without limitation. Thus when the particular case, as here, involves the Statute of Frauds, there exists the further requirement of reliance upon a second promise—a promise to reduce the first promise to writing. That the courts of Texas require this additional promise to remove an oral, and thus unenforceable, promise from the Statute of Frauds before promissory estoppel may apply is apparent from the latest pronouncement of the Texas Supreme Court on the subject in Cooper Petroleum Co. v. La Gloria Oil & Gas Co., 436 S.W.2d 889 (Tex.1969).

\*    \*    \*    \*    \*    \*

"From the court's holding, it can be clearly discerned that Comment f to § 178, Restatement of Contracts must be considered concomitant with § 90 when dealing with oral promises coming within the Statute of Frauds. Comment f, § 178 reads in pertinent part:

'Though there has been no satisfaction of the Statute, an estoppel may preclude objection on that ground.

* * * A misrepresentation that there has been such satisfaction if substantial action is taken in reliance on the representation, precludes proof by the party who made the representation that it was false; and a promise to make a memorandum, if similarly relied on, may give rise to an effective promissory estoppel if the Statute would otherwise operate to defraud.'

"Thus, under § 178, the defense of the Statute of Frauds is only precluded when there has been (1) a *misrepresentation* that the Statute's requirements have been complied with, or (2) a promise to make a memorandum." 432 F.2d at 65 (emphasis theirs).

This same analysis was reached in Alaska Airlines v. Stephenson, 217 F.2d 295, 15 Alaska 272 (9th Cir. 1954). Other states have also specifically held that when the case is clearly within the Statute of Frauds promissory estoppel is inapplicable. Sinclair v. Sullivan Chevrolet Company, 45 Ill.App.2d 10, 195 N.E.2d 250 (1964); Albany Peanut Co. v. Euclid Candy Co. of California, 30 Cal.App.2d 35, 85 P.2d 471 (1939). The doctrine of promissory estoppel has been applied only to avoid the Statute of Frauds where a promise has been made not to rely on the Statute. 28 Am.Jur.2d, Estoppel and Waiver, § 49.

We agree with the reasoning and result reached in 21 Turtle Creek Sq., Ltd. v. New York St. Teach. Retire. Sys., supra. In our opinion, if we were to hold otherwise the Statute of Frauds would no longer have any effect.

We find that the oral contract was made unenforceable by the defense of the Statute of Frauds. Therefore the trial court correctly granted the motion for summary judgment as the disputed questions of fact were not material.

Judgment affirmed.

STEVENS, P. J., and CASE, J., concur.