**In re Florence Jean BLAIR, Debtor.**

**Bankruptcy No. B–86–3128–PCT–RGM.**

United States Bankruptcy Court,
D. Arizona.

Oct. 27, 1987.

Christopher Jensen, Prescott, Ariz., for Paul Merritt Const., Inc.

Robert M. Brutinel, Toci, Murphy & Beck, Prescott, Ariz., for debtor.

## OPINION

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

This matter arises on the parties' briefs and oral argument concerning an unsecured creditor's objection to a consumer debtor's exemption of a home the creditor constructed. Because objector has failed to carry its burden of proof, the objection is overruled. The facts necessary to an understanding of this contested matter follow:

## I

On February 9, 1984, Paul Merritt Construction, Inc. and Ms. Florence Jean Blair contracted for construction by Merritt of a new residence on land owned by Ms. Blair in Groom Creek, Yavapai County, Arizona. Pertinent portions of the contract provided the homeowner would promptly obtain all necessary financing for the $54,360.00 price; that if financing was not obtained within ten days of signing, Merritt could terminate the contract; that the builder would have exclusive possession of the premises until completion and Ms. Blair would not take possession until the home was completed and Merritt paid.[1]

Disputes arose which required resort to arbitration. In late April, 1985, the construction industry arbitration tribunal entered an award requiring Ms. Blair to pay Merritt $54,810.00 plus 75% of the arbitration fees and expenses. Debtor took possession of the residence in June, 1985, continues to reside there and has not paid Merritt any part of its claim.

Ms. Blair executed her claim of homestead exemption on August 5, 1985 and recorded it in Yavapai County, Arizona, two days later. Her voluntary bankruptcy petition under Chapter 7 was filed July 14, 1986. 11 U.S.C. § 701, *et seq.* On September 22, 1986, the creditor objected to the homestead claim. Listed creditors consist of Merritt as her only unsecured creditor and secured creditor Terry L. Novak. Objector has the burden of proving this exemption is not properly claimed. Rule 4003(c), *F.Bk.R.* No party disputes this is a core proceeding entitling the Court to enter a final, dispositive order. 28 U.S.C. § 157(b)(2)(B).

Objector argues debtor has waived her homestead exemption or is estopped to claim it.

## II

■ Arizona allows its residents to exempt from their creditors an equity interest in realty containing a residence in a sum not to exceed $50,000.00. A.R.S. § 33–1101A(1). Merritt urges debtor's right to claim this exemption in August of 1985 was waived by the February, 1984 contract language prohibiting her possession until either the builder had been paid or satisfactory financial arrangements made.

There is no fundamental public policy in Arizona which prohibits waiver of the homestead exemption. *State v. Smith*, 129 Ariz. 28, 30, 628 P.2d 65, 67 (App.1981). However, a waiver must be an express, voluntary relinquishment of a known right or conduct which infers such intentional relinquishment. Also, the waiver of one right does not necessarily waive other rights. *American Continental Life Insurance v. Ranier Construction*, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980). Thus, in *Smith, supra,* a waiver was found during a criminal hearing in which the trial court repeatedly emphasized to defendant that as a condition of probation he could not thereafter homestead his residence. 628 P.2d at 66.

In the present case, a waiver based on contractual language prohibiting possession until the home was completed or until the builder was paid is tenuous. Whether the parties' intent was to prevent debtor from taking possession until payment was made, or to ensure the builder had complete access during construction, it is clear the focus was not debtor's homestead. The contract gives no hint the landowner was expressly giving up her statutory right to exempt the premises. Indeed, homesteading was not even mentioned.

■ Merritt also argues debtor could not exempt the premises as her possession was wrongful. However, it is beyond dispute that she owned the land, had contracted to build a residence on it and was obligated by an arbitration award to pay for it. Thus,

---

1. The parties' contract is attached as Exhibit A to the creditor's second amended complaint filed in Adversary Proceeding No. 86–608 entitled *Paul Merritt Construction v. Florence Jean Blair,* which seeks to determine the dischargeability of this debt. Adversary Docket No. 16.

In Open Court, the parties agreed the issues in the homestead contested matter are related to this adversary, Adversary Docket No. 39, and both sides' briefs referenced a stipulation filed in that proceeding. *See* Adversary Docket No. 38.

her apparent violation of one contract clause prohibiting possession prior to payment does not imply she did not in fact own the home at the time the exemption was claimed.

■ Even if Merritt had established a waiver under state law, federal bankruptcy law prohibits waiver of an exemption in favor of an unsecured creditor. 11 U.S.C. § 522(e). Contrary to objector's arguments, the protections of subsection (e) apply not just to federal but also to state-created exemption rights. *See* House Report No. 95–595, 95th Cong., 1st Sess. at 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6317: "Subsection (e) protects the debtor's exemptions, either Federal or State, by making enforceable in a bankruptcy case a waiver of exemptions." Further, § 522(e) specifically refers to waivers of exemptions under subsection (b), which can be either state, § 522(b)(1), or federal exemptions. 11 U.S.C. § 522(b)(2).

### III

■ In Arizona there are three elements of equitable estoppel or "estoppel in pais": (a) conduct by a party which intentionally or negligently induces another to believe in a certain factual situation, (b) justifiable action by an induced party in reliance, and (c) resulting injury. *Heltzel v. Mecham Pontiac,* 152 Ariz. 58, 60–61, 730 P.2d 235, 237–38 (1986); *G & S Investments v. Belman,* 145 Ariz. 258, 263, 700 P.2d 1358, 1363 (App.1984).

Merritt argues debtor's conduct in signing a contract prohibiting possession until payment was arranged intentionally or negligently induced objector to build the house and extend unsecured credit to her. Debtor notes the contract did not require Merritt to extend such credit. Instead, Ms. Blair was expressly required to obtain interim construction financing. Contract, *supra,* at ¶¶ 3, 6. Debtor further urges that nothing in the contract prohibited the builder from protecting itself by commencing appropriate lien proceedings after completion of the structure under Arizona's mechanic's and materialmen's statute. A.R.S. § 33–993A. Compliance with this statute would have provided a complete, valid and

exclusive remedy for Merritt. *Valley Drive–In Theatre Corp. v. Superior Court,* 79 Ariz. 396, 400, 291 P.2d 213, 215 (1955).

Assuming *arguendo* there is equitable jurisdiction to protect a claimant who has failed to protect itself, the instant facts do not establish a basis for such action.

Debtor's essential conduct consisted of signing a construction contract requiring her to obtain interim financing and prohibiting possession until she made arrangements to pay the builder. Unquestionably she did not pay and breached a second provision by moving into the residence. It is unclear why the creditor continued construction in the face of debtor's failure to arrange financing, which contractually excused the builder from further performance. Contract at ¶¶ 3, 4, 6.

The conduct of signing a construction contract which fails to expressly waive debtor's future homestead rights, or prohibit the builder from protecting itself under the Arizona lien statutes, is insufficient inducement to deny a homestead exemption in a bankruptcy filed two years later. Such alleged inducement or reliance is particularly unreasonable, given the early disputes between the parties requiring formal arbitration, two complaints made to the Arizona Registrar of Contractors by debtor, and the builder's waiver of key aspects of defendant's performance. It is disingenious to argue a professional builder will sit on its lien rights simply because a consumer signs a contract prohibiting possession prior to payment.

### IV

■ Finally, in its closing brief, the creditor raises the doctrine of promissory estoppel. Promissory estoppel affords relief to a party to enforce a promise which the promisor should reasonably expect to induce action or forbearance, if injustice can only be avoided by such enforcement. *Restatement of the Law of Contracts 2d,* § 90(1). The doctrine is quasi-contractual and utilized when an element necessary to the creation of an enforceable contract is missing. *Kersten v. Continental Bank,* 129 Ariz. 44, 47, 628 P.2d 592, 595 (App. 1981), citing *Tiffany Incorporated v. WMK*

**4**

*Transit Mix,* 16 Ariz.App. 415, 493 P.2d 1220 (1972).

In the present case, there is no indication the contract is invalid; accordingly, there is no need for imposition of a quasi-contractual remedy. Further, given the builder's inability to qualify for equitable estoppel, there is no showing the similar doctrine of promissory estoppel is satisfied here. *See Tiffany Incorporated,* 16 Ariz.App. at 419–20, 493 P.2d at 1224–25.

### V

Both the builder's circumstances and debtor's conduct are unfortunate. Regardless, the creditor has failed to carry its burden of proving it was robbed of its security interest by the machinations of a consumer debtor. Ms. Blair did not take possession until June of 1985, two months after the arbitration award obligated her to pay for the home and well after it was apparently completed. Her homestead exemption was filed two months later on August 7 and bankruptcy was filed approximately one year later. None of these events would have greatly affected the builder's rights had it elected to perfect a lien. The objection to debtor's exemption is overruled.