851 P.2d 839

**Michael E. MULLINS; Nellie Michelle Mullins and Travis Shannon Mullins, his children, Plaintiffs/Appellants/Cross–Appellees,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware corporation, Defendant/Appellee/Cross–Appellant.**

**No. 2 CA–CV 92–0049.**

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 24, 1992.

Review Denied June 2, 1993.

Naida B. Axford, R. Kelly Hocker, Tempe, for plaintiffs/appellants/cross-appellees.

Tower, Byrne, Beaugureau, Nye & Shaw, P.C. by David L. Beaugureau and Terrance L. Sims, Phoenix, for defendant/appellee/cross-appellant.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's granting of a defense motion for summary judgment in a dismissal from employment case.

Appellant Michael E. Mullins was discharged by his employer, appellee Southern Pacific Transportation Company (Southern Pacific). The record does not indicate the reason for his firing; however, the details of his discharge are not essential to our resolution of this case.

After the complaint and Southern Pacific's answer were filed, appellant's deposition was taken. During the deposition, appellant stated that when he was hired, he understood that "I would be employed until such time as I reaped the benefits of the officer pension plan." He was then asked, "Did that mean to you that you would be employed by Southern Pacific from your initial hire until you reached age 65?", to which appellant replied, "Yes." There is nothing in writing evidencing appellant's employment contract.

Shortly after receiving the transcript of the deposition, Southern Pacific filed a motion for summary judgment in which it raised the defense of the Statute of Frauds. This affirmative defense had not been raised in the answer. Appellant's attorney did not challenge the failure to raise the defense in the answer, but rather argued the applicability of the Statute of Frauds to the facts of this case. The trial court granted the motion for summary judgment and this appeal followed.

Appellant raises three issues on appeal: (1) the Statute of Frauds does not apply, and even if it did, the circumstances impose a constructive trust which makes it inapplicable; (2) judgment was prematurely entered by the trial court; and, (3) the award of attorney's fees was an abuse of discretion. We affirm.

Arizona's Statute of Frauds, A.R.S. § 44–101 states:

No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\*    \*    \*    \*    \*    \*

5. Upon an agreement which is not to be performed within one year from the making thereof.

Appellant argues that the Statute of Frauds does not apply because: (1) the employment contract could have been fully performed within one year; (2) the Statute of Frauds does not apply in Arizona because of *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985), and *Leikvold v. Valley View Community Hospital*, 141 Ariz. 544, 688 P.2d 170 (1984); and, (3) the equitable doctrine of promissory estoppel should be invoked to preclude the application of the Statute of Frauds.

Appellant claims the oral contract to employ him until he was eligible to retire could have been performed within one year because he might have died within one year, he might have been terminated for cause within one year or he might have quit within one year. The authorities appellant cites for his position all concern employment for an indefinite period, not for a definite period, such as here, where the period of employment was to extend until appellant was 65.

Appellant quite correctly states that the Statute of Frauds applies only to oral contracts in which there is not the "slightest possibility" that the contract could be performed within one year, citing *Edward Greenband Enterprises of Arizona v. Pepper*, 112 Ariz. 115, 118, 538 P.2d 389, 392 (1975). Appellee does not disagree with this contention.

The distinction between a contract for "permanent" employment and employment for a fixed term when one of the parties dies is set forth in 2 A.L. Corbin, Corbin on Contracts § 446, pp. 549–550 (1950):

A contract for "permanent" employment is not within the one-year clause for the reason that such a contract will be fully performed, according to its terms, upon the death of the employee. [footnote omitted] The word "permanent" has, in this connection, no more extended meaning than "for life."

And Id. at § 447 p. 555:

If A promises to work for B or B promises to employ A for more than one year, the promise is held to be within the statute. [Footnote omitted] This is in spite of the fact that A or B may die within a year and that death wholly extinguishes duty of the promisor in contracts for personal service. [Footnote omitted]

■ The Restatement of the Law (Second) of Contracts § 130, at 329 (1981), in comment (b) and illustrations 5 and 7, further explain that a contract for a definite term cannot be deemed performable within one year, and, therefore, is covered by the Statute of Frauds:

b. *Discharge within year.* Any contract may be discharged by a subsequent agreement of the parties, and performance of many contracts may be excused by supervening events or by the exercise of a power to cancel granted by the contract. The possibility that such a discharge or excuse may occur within a year is not a possibility that the contract will be "performed" within a year. This is so even though the excuse is articulated in the agreement.

\* \* \* \* \* \*

Illustrations:

5. A orally promises to work for B, and B promises to employ A for five years at a stated salary. The promises are within the Statute of Frauds. Though the duties of both parties will be discharged if A dies within a year, the duties cannot be "performed" within a year. This conclusion is not affected by a term in the oral agreement that the employment shall terminate on A's death.

\* \* \* \* \* \*

7. The facts being otherwise as stated in Illustration 5, the agreement provides that A may quit at any time. The agreement is within the Statute.

"In the absence of contrary authority Arizona courts follow the Restatement of the Law." *Bank of America v. J. & S. Auto Repairs,* 143 Ariz. 416, 418, 694 P.2d 246, 248 (1985). Appellant's argument that his contract until age 65 could have been fully performed if he had died, quit or been discharged for cause, is not supported by Professor Corbin or the Restatement.

■ Appellant's second argument is based on Arizona's recognition of the implied-in-fact employment contracts in *Wagenseller* and *Leikvold.* The Statute of Frauds was not an issue in those cases; however, since both dealt with contracts "of indefinite duration," *Wagenseller,* 147 Ariz. at 381, 710 P.2d at 1036, *Leikvold,* 141 Ariz. at 546, 688 P.2d at 172, those cases do not apply to the contract before us for precisely the same reason the Statute of Frauds does apply—appellant testified that his was a contract for a definite term. Therefore, *Wagenseller* and *Leikvold* have not abrogated the Statute of Frauds with respect to employment contracts because they apply to different situations.

■ Appellant next argues that the doctrine of promissory estoppel applies to this case and defeats the Statute of Frauds. In Arizona, the doctrine of promissory estoppel applies to a contract otherwise barred by the Statute of Frauds *only* "where a promise has been made not to rely on the Statute," that is, where the party asserting the Statute of Frauds defense has misrepresented that the statute's requirements have been met or promises to put the agreement in writing. *Tiffany Inc. v. W.M.K. Transit Mix, Inc.,* 16 Ariz.App. 415, 421, 493 P.2d 1220, 1226 (1972). Promissory estoppel is applied to defeat the Statute of Frauds only where there is a second promise not to rely on the statute. *Id.* Appellant has offered no evidence that

Southern Pacific made such a second oral promise.

*Kiely v. St. Germain,* 670 P.2d 764 (Colo.1983), cited correctly by appellant for the proposition that a balancing test should be applied to the question of a promissory estoppel claim and the Statute of Frauds defense, is inapposite. In *Kiely,* the Colorado Supreme Court noted that not all jurisdictions employ such a balancing test, and cited *Tiffany,* supra, as an example of a jurisdiction that does not. We give no weight to appellant's claim that *Tiffany* was not an employment case and, therefore, it is not applicable here.

Appellant next argues that the trial court prematurely entered judgment on all counts of the complaint. He claims that only the breach of contract count was properly before the trial court, and it was error for the court to also enter judgment on the other eight counts of the complaint.

Appellee filed a motion for partial summary judgment on counts 1, 2, 4–9 of the complaint. Appellant joined in the motion. For whatever reason, oversight, scrivener's error, or some other reason, the trial court failed to sign a formal judgment dismissing those counts. Southern Pacific later filed a motion for summary judgment on the remaining count, count 3, which, over opposition by appellant, was granted. The prior motion for partial summary judgment and appellant's concurrence is referred to in the trial court's final judgment.

■ Appellant now claims that the eight counts which were the subject of the motion for partial summary judgment should be reinstated. Appellant joined in the motion to dismiss those counts. If he wished to later rescind his concurrence and contest the motion, the forum to do that was the trial court, not this court. This issue was never raised in the trial court and matters not raised below will not be considered on appeal. *Knipp v. Arizona Prop. & Cas. Ins. Guar. Fund,* 156 Ariz. 137, 750 P.2d 895 (App.1987).

Appellant's final argument is that the trial court abused its discretion in awarding appellees' attorney's fees in the amount of $10,000. Appellees' request for attorney's fees was for $35,315.

Appellant contends that appellee has taken inconsistent positions with regard to the existence of a contract, arguing there was no contract in the answer and claiming there was a contract in the fee request. The record shows that appellee never argued that there was no contract. Its position was that there was a contract, but that it was unenforceable.

■ Even if appellee had taken the position that there was no contract and had prevailed on that basis, it still would have been entitled to attorney's fees under A.R.S. § 12–341.01. The law in Arizona is contrary to appellant's position that the court must find as a matter of law that there was a contract between the parties before fees can be awarded.

> Thus if plaintiff's action satisfies the applicability of A.R.S. § 12–341.01, the fact that the defendants defend and prove the non-existence of a contractual relationship does not preclude awarding the successful defendants' attorneys' fees under the statute.

*Trebilcox v. Brown & Bain, P.A.,* 133 Ariz. 588, 591, 653 P.2d 45, 48 (App.1982), citing *Shirley v. Hartford Accident & Indem. Co.,* 125 Ariz. 70, 71, 607 P.2d 389, 390 (App.1979).

■ Appellant also argues that employment cases should be afforded different treatment than all other contract cases when applying § 12–341.01. His position appears to be that an employee, if the unsuccessful party, should not be required to pay attorney's fees, while an employer, if unsuccessful, should always pay attorney's fees. We reject this novel approach. The matter lies within the discretion of the trial court and we will not disturb an award unless there is no reasonable basis for it and there has been an abuse of discretion. *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 571, 694 P.2d 1181, 1184–85 (1985). We find no abuse of discretion here.

We decline to award attorney's fees on appeal.

Affirmed.

DRUKE, P.J., and FERNANDEZ, J., concur.