714 P.2d 859

**Thelma Irene SEES now deceased and Roy Sees, wife and husband, Plaintiffs/Appellants,**

v.

**KTUC, INC., KTUC/KNDE Radio Stations; 2588 Newport Corporation a California corporation: KNDE, Inc., and Evan Broadcasting Company, Inc., Arizona corporations, Defendants/Appellees.**

**No. 2 CA–CIV 5339.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 23, 1985.

Review Denied Feb. 19, 1986.

Jones, Dickerman, Nuckolls, Edwards & Smith, P.C. by John Gabroy, Tucson, for plaintiffs/appellants.

Stompoly & Even by Barry Kirschner, Tucson, and Stephen F. Rohde, Los Angeles, for defendants/appellees.

LIVERMORE, Judge.

Plaintiff, Thelma Sees, was terminated from her employment at KTUC on February 10, 1982. She was 59 years old at the time of her termination. She had worked at KTUC and its FM affiliate for over a decade in sales and management. She filed an action alleging that the firing was discriminatory, based upon her gender and age. She also alleged intentional infliction of emotional distress. The case was tried before a judge and defendants prevailed. The judge concluded, in her findings of fact, that the reasons for plaintiff's termination were based on acts of insubordination and inability to get along with the owning manager, Mrs. Harriet Rohde. Plaintiff has appealed claiming that the evidence of age and gender discrimination was overwhelming and that the defendants' stated reasons for the discharge (as adopted by the trial judge's findings of fact) were pretextual. Plaintiff also raised several minor issues. We affirm except for the award of attorney's fees.

I

◼ It is unlawful for an employer to discharge an individual because of such individual's gender or age. A.R.S. § 41-1463(B). The state statute is patterned after the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and federal case law is persuasive in interpreting the state statute. *Higdon v. Evergreen International Airlines, Inc.,* 138 Ariz. 163, 673 P.2d 907 (1983).

In *Cancellier v. Federated Department Stores,* 672 F.2d 1312 (9th Cir.), *cert. denied,* 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982), the Ninth Circuit noted that

"[a]ge need not be the sole factor in a discharge or other discriminatory practice [for plaintiff to prevail]. Conversely, it is not enough that age discrimination be present or even that it figure in the decision to fire; age must 'make a difference' between termination and retention of the employee in the sense that, but for the presence of age discrimination, the employee would not have been discharged." Id. at 1316. See also *Kelly v. American Standard, Inc.,* 640 F.2d 974, 984 (9th Cir.1981).

◼ The same standard is applied to allegations of gender discrimination. *Cisneros v. Sears, Roebuck & Co.,* 135 Ariz. 301, 660 P.2d 1228 (App.1983). As set forth in *Cisneros,* plaintiff has the burden of presenting a prima facie case of a discriminatory discharge. If this hurdle is surmounted, then the defendant must articulate legitimate, non-discriminatory reasons for the discharge. If such reasons are adduced, plaintiff then has the burden of demonstrating that the reasons are a pretext.

◼ The record is reviewed in order to determine whether there was sufficient evidence to support the trial court's judgment. There is ample evidence in the record that the decision to discharge the plaintiff was independent of any consideration of her age or gender. Furthermore, the findings of fact that the reasons for discharge were insubordination and conflicts with station management are supported by the evidence. And, there is little, if any, evidence that the reason for the discharge was based on discriminatory factors or that the legitimate non-discriminatory reasons were a pretext. The record supports the trial judge's conclusion that plaintiff failed to establish that her age or gender "made a difference" in the decision to discharge her.

## II

The trial court granted partial summary judgment dismissing plaintiff's claim for intentional infliction of emotional distress because it was barred by the worker's compensation statutes. See A.R.S. § 23–1022(A). We need not reach this issue. *Daniel v. Magma Copper Co.*, 127 Ariz. 320, 620 P.2d 699 (App.1980) held that a determination that the discharge was lawful eliminates an intentional infliction of emotional distress cause of action based upon the wrongfulness of that discharge.

## III

Plaintiff notes that the trial court erred in ruling that Maples (KTUC's manager) and Rohde (KTUC's owner) were not proper party defendants under the Arizona Civil Rights Act. See, e.g., *Jeter v. Boswell*, 554 F.Supp. 946 (N.D.W.V.1983). Defendant concedes that this was error but argues that, because KTUC was determined to have no liability after a trial on the merits, the error was harmless. This is so, defendants contend, because "a judgment on the merits of an issue generally precludes relitigation of that issue in a subsequent suit." *King v. Superior Court*, 138 Ariz. 147, 150, 673 P.2d 787, 790 (1983). Issue preclusion is available to a party not involved in the prior suit. Id. at 151, 673 P.2d at 791. At trial below, the liability of KTUC could only have been based on the acts of its owner (Rohde), who ordered the firing of the plaintiff, and its manager (Maples), who carried out the directive. These issues were fully litigated. There is no suggestion in the record that the conduct of either Rohde or Maples was "actuated by a dual purpose," i.e., that they had reasons other than their interests in the business of KTUC—in firing the plaintiff. Therefore, § 236 of the Restatement (Second) of Agency is not applicable to the facts of this case.

## IV

Attorney's fees of $5,000, a small portion of its request, were awarded to the defendants as the prevailing party in this action. The authority for this award is apparently based on A.R.S. § 41–1481(J) or A.R.S. § 12–341.01(C). Plaintiff filed a motion in opposition to the award of attorney's fees based on *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). That case held that a prevailing defendant in a Title VII action could be awarded attorney's fees upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. Id. at 421, 98 S.Ct. at 700. The Supreme Court stressed that a trial court should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421–22, 98 S.Ct. at 700. Thus the fact that defendant prevailed on the merits should not, in itself, provide the basis for awarding attorney's fees. Federal policy disfavors such an award under Title VII because such awards undercut efforts to enforce the Congressional intent that discrimination be eradicated. We believe that state policy should be equally protective.

Applying these principles, we can determine that this action was not groundless, frivolous or brought for purposes of harassment. While plaintiff's action proved fruitless after trial, she prevailed on one claim at the administrative level. The failure of defendants to give a clear reason for plaintiff's discharge invited the suspicion that discrimination was involved. In these circumstances, we cannot say that the *Christiansburg* test has been met.

The judgment is affirmed; the award of attorney's fees is reversed.

HATHAWAY, P.J., and LACAGNINA, J., concur.