**Jack R. THOMAS, Plaintiff,**

v.

**The GARRETT CORPORATION, Defendant.**

**No. CIV 88–271 PHX EHC.**

United States District Court, D. Arizona.

Jan. 4, 1989.

Donald E. Wolfram, Seymour Gruber, Phoenix, Ariz., for plaintiff.

Lawrence A. Katz, Joseph T. Clees, Streich, Lang, Weeks & Cardon, Phoenix, Ariz., for defendant.

## ORDER

CARROLL, District Judge.

This is an action for damages resulting from an alleged breach of plaintiff's employment contract by his employer, The Garrett Corporation, associated with the layoff of the plaintiff in August 1987. The action was removed from state court on the basis of diversity. Plaintiff contends that his employment agreement with Garrett included the policies and procedures in the company employee's handbook entitled "Working Together at Garrett" (Handbook). It is alleged that his layoff violated his contractual employment agreement because it was effected in a manner contrary to the stated policies and procedures in the Handbook.

Plaintiff Jack R. Thomas completed and signed an Application for Employment with defendant on July 15, 1985. The Application contained language stating that his employment was terminable by either party at will. Plaintiff was hired in September 1985 for an indefinite term as a "Materials Assistant", and was assigned to a part of the Fabrication Control Group. Plaintiff's performance reviews rated his job performance as good or very good, and he was promoted to the position of "Materials Handler" after being employed about five months. On July 1, 1987, plaintiff requested a transfer to another department and completed and signed an accompanying Application for Employment, which contained the same language concerning the terms of his employment as his original application. Prior to any transfer, on August 26, 1987, plaintiff was laid off as part of a company-wide work force reduction.*

In order to establish the claim for breach of contract, plaintiff must establish: (1) that the Handbook provisions became a part of the employment contract; and (2) that the terms of the Handbook were breached. *Wagner v. City of Globe*, 150 Ariz. 82, 722 P.2d 250, 254 (1986). Defendant filed a motion for summary judgment contending in part: (1) that the employee Handbook was not a part of the employment agreement and did not modify the at-will relationship; and (2) assuming the Handbook was part of the employment agreement and the layoff breached the employment agreement, plaintiff may not bring this suit because he failed to exhaust the internal appeal and arbitration procedures contained in the Handbook, which would also be a part of any contract based on the Handbook.

*I.   Terms of the Employment Agreement*

■ The defendant contends that plaintiff was an at-will employee and could be terminated at any time without notice, with or without cause. The general rule in Arizona is that if an employment contract is

for an indefinite period of time, it is presumed to be terminable by either party at any time with or without cause. *Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 710 P.2d 1025 (1985); *Wagner*, 722 P.2d at 252. Since it is not disputed that Thomas was hired for an indefinite term, there is a presumption that Thomas was terminable at any time with or without cause. However, Arizona, like a majority of states, has adopted three exceptions to the general rule, including the implied-in-fact contract exception to protect the legitimate expectations of employees. *Wagner*, 722 P.2d at 253.

Plaintiff contends that the provisions of the employee Handbook became part of an implied-in-fact contractual employment agreement. In *Leikvold v. Valley View Community Hospital*, 141 Ariz. 544, 688 P.2d 170 (1984), the Arizona Supreme Court held that representations in a personnel manual upon which employees could reasonably rely, can become terms of an employment contract and can limit an employer's ability to discharge employees. In determining whether provisions of a handbook become part of the employment contract, the Court stated:

> Whether any particular personnel manual modifies any particular employment-at-will relationship and becomes a part of the particular employment contract is a question of fact. Evidence relevant to this factual decision includes the language used in the personnel manual as well as the employer's course of conduct and oral representations regarding it.

688 P.2d at 174.

A.   Language in the Handbook

■ In *Leikvold*, the Court went on to qualify the holding that representations in personnel manuals can become part of employment contracts by stating:

> We do not mean to imply that all personnel manuals will become part of employment contracts. Employers are certainly free to issue no personnel manual at all or to issue a personnel manual that clear-

---

* Plaintiff was recalled on July 25, 1988, as a Materials Assistant, at a higher rate of pay than when he was laid off.

ly and conspicuously tells their employees that the manual is not part of the employment contract and that their jobs are terminable at the will of the employer with or without reason. Such actions, either not issuing a personnel manual or issuing one with clear language of limitation, instill no reasonable expectations of job security and do not give employees any reason to rely on representations in the manual.

688 P.2d at 174.

Garrett contends that the policies in the manual are prefaced with a prominent statement that the provisions are not contractual. The Garrett Handbook, under the bold-faced heading "Employment Policies," contains the following disclaimer:

> Your employment at Garrett is voluntarily entered into, and you are free to resign at any time. Similarly, Garrett may terminate the employment relationship where it believes it is in the Company's best interest. Neither this Handbook nor any other communication by a managerial representative is intended in any way to create a contract of permanent employment. However, all members of management are dedicated to ensuring that discipline, including dismissal, is administered in a consistent and equal manner.

Plaintiff admits that the disclaimer is clear in that the Handbook does not create a contract of permanent employment, but contends the language is not clear and conspicuous as to whether the policies in the Handbook supplement the at-will relationship.

Although whether the provisions of the Handbook became part of the contract is a question of fact, where the terms of the agreement are clear and unambiguous, the construction of the contract is a question of law for the court. *Leikvold*, 688 P.2d at 174. In *Bedow v. Valley National Bank*, CIV 88–471 PCT RCB (D.Ariz. Oct. 6, 1988), and *Chambers v. Valley National Bank*, 721 F.Supp. 1128 (D.Ariz.1988), the court held that the following disclaimer in the defendant's personnel manual was

clear and conspicuous and did not create an implied-in-fact contract of employment:

> Nothing contained in this handbook should be construed as a guarantee of continued employment, but rather, employment with the bank is on an 'at will' basis.

Similarly, the language of the disclaimer in the Garrett Handbook clearly and unambiguously tells employees in common language that they may resign at any time, and similarly, that they are terminable by Garrett when the Company determines it is in its best interests, and that neither the Handbook, or any other communication, is intended to create any contract of permanent employment. The last sentence further states that the company is dedicated to treating employees consistently and fairly in this relationship. It does not indicate any modification of the relationship as described.

Entry of summary judgment is mandated, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Because the disclaimer in the Handbook clearly and conspicuously tells employees that they are terminable at will and that the Handbook does not create a contract of permanent employment, the Handbook does not modify the terms of employment and it does not instill any reasonable expectations of job security. Therefore, there is no material issue of fact as to whether the Handbook became part of the employment agreement, or as to the terms of the agreement. Thus, plaintiff has failed to establish an essential element of his claim and summary judgment is appropriate.

**B. Employer's Course of Conduct and Representations**

■ Even assuming that the disclaimer was not clear and conspicuous and the terms of the agreement were not unambiguous, involving an issue of fact, summary

judgment is nevertheless appropriate because reasonable minds could not draw different conclusions or inferences from the undisputed facts as to whether plaintiff could have reasonably relied upon the employer's course of conduct and representations in concluding that the provisions in the Handbook became part of his contract of employment. See *Wagenseller*, 710 P.2d at 1038.

The *Leikvold* test indicates that in addition to the language, other conduct and representations of the employer are to be considered in determining whether the Handbook became part of the agreement. Plaintiff contends that the Handbook became part of his employment contract, modifying the at-will relationship, because of Garrett's course of conduct in following the procedures in the Handbook in disciplining, suspending, and terminating employees, conducting work appraisals, and enforcing overtime and vacation policies. Further, plaintiff contends that the pictures and comments of the President and Chairman of the Board of Garrett on the first page of the Handbook indicate their endorsement of the provisions upon which plaintiff could rely. While these contentions may provide a basis for relying on the provisions of the Handbook as company policy, they do not detract from the language in the disclaimer so as to indicate that the Handbook modified the terms of plaintiff's employment agreement. Plaintiff has produced no evidence regarding any other conduct or oral or written representations by any superiors at Garrett concerning the terms of his employment agreement upon which plaintiff could have based either reasonable expectations as to his job security or reasonable reliance on the terms of the Handbook as part of his agreement.

However, there is evidence that the plaintiff did not believe that the Handbook modified the terms of his employment and that any reliance was not reasonable under the circumstances. First, the application for employment which plaintiff completed and signed on two occasions, immediately above the place for the applicant's signature, contains the notice "PLEASE READ CARE-FULLY". A portion of the text under this notice reads as follows:

> In consideration for my employment, I agree to conform to the rules and regulations of The Garrett Corporation, and my employment and compensation can be terminated with or without cause, and with or without notice at any time at the option of the company or myself. I understand that no representative of The Garrett Corporation other than the President or General Manager of this Division has any authority to enter into any agreement for employment for any specified period of time or to make any agreement contrary to the foregoing.

This identical clause is also used by Sears, Roebuck & Company and has been the subject of several wrongful discharge cases in Michigan, which has a rule regarding implied-in-fact contracts similar to that in Arizona, involving claims that the terms of an Employee handbook modified the employment agreement such that dismissal could only be for cause. Every reported district court case involving claims for wrongful discharge in the face of this language has resulted in summary judgment for Sears. See *Reid v. Sears, Roebuck & Company*, 790 F.2d 453, 461 (6th Cir.1986). Although the instant case does not involve a claim that the plaintiff could only be discharged for cause, the decisions hold that such provisions clearly notify employees that they are terminable at will, without cause. In addition, plaintiff Jack Thomas made statements at several places in his deposition that at the time of his employment and layoff he understood that his employment could be terminated at will, and that he did not regard the Handbook as part of his contract.

■ It is clear, in light of all the evidence presented, that these circumstances do not create a question of fact concerning reasonable reliance for a jury. The test for summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505,

91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence in support of plaintiff's position will not be sufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Id.* at 251–52, 106 S.Ct. at 2511–12. Summary judgment is appropriate because based on the test in *Leikvold,* reasonable minds could not differ under these circumstances as to whether plaintiff could have reasonably relied upon the provisions of the Handbook as part of his employment contract, thereby modifying his employment relationship.

*II. Exhaustion of Internal Grievance Procedures*

██ Assuming the Handbook modified the terms of the employment contract, and further that the agreement was breached, summary judgment is still appropriate because plaintiff failed to exhaust the formal and informal grievance procedures set forth in the Handbook, which would also be a part of the modified agreement. The internal procedures are clearly set out in plaintiff's copy of the Handbook. They involve both formal and informal proceedings. The Handbook states that the Company appeal procedures are available to all regular full time employees, and were applicable in this instance, plaintiff's arguments to the contrary being without merit. Although plaintiff knew that appeal procedures existed, he did not take any action to invoke the procedures as specified and explained in the Handbook at the time of the layoff.

It is a general rule in collective bargaining agreement disputes that employees must exhaust contractual remedies and internal grievance and arbitration procedures before bringing suit. See *Payne v. Pennzoil,* 138 Ariz. 52, 672 P.2d 1322 (App.1983); *Dutrisac v. Caterpillar Tractor Co.,* 749 F.2d 1270 (9th Cir.1983). This principle is also applicable where a plaintiff seeks to assert rights based on provisions of an employee handbook, which also provides grievance procedures.

Accordingly, for the foregoing reasons, it is hereby

ORDERED granting defendant's motion for summary judgment.