Dok Sin MOSES, a Married Woman, Plaintiff,

v.

PHELPS DODGE CORPORATION, a Foreign Corporation, et al., Defendants.

No. Civ. 92–143–TUC–JFB (WDB).

United States District Court, D. Arizona.

June 21, 1993.

---

Chris J. Kimminau, Tucson, AZ, for plaintiff.

Nathan R. Niemuth and Michael D. Moberly, Phoenix, AZ, for defendants.

## MEMORANDUM & ORDER

BATTIN, Senior District Judge.

Pending before Court is Defendants' Petition for Award of Attorney's Fees. For the reasons stated below, the Petition is granted, in the amount set forth below.

Plaintiff filed this case contending that she was wrongfully terminated from her job in breach of her employment contract and in violation of both Arizona state law and Title VII of the Civil Rights Act of 1964. On March 4, 1993, the Court granted summary judgment in favor of Defendant, based upon a finding that most of Plaintiff's claims were barred by the applicable statutes of limitation, and that Plaintiff had failed to establish duress sufficient to equitably toll the running of the statutes. 818 F.Supp. 1287. The Court also found that Plaintiff's breach of contract claim was precluded by her failure to exhaust the grievance mechanisms set forth in the Employee Handbook governing her employment. See Mem. and Ord. of March 4, 1993. Thus, Defendant was the prevailing party in this litigation, and as such seeks an award of attorney's fees in the amount of $24,120.50.

First, Defendant seeks an award of attorney's fees under 42 U.S.C. § 2000e–5(k), which provides for a discretionary award of attorney's fees to a prevailing party in an action under Title VII, and under A.R.S. § 41–1481.J, which provides for an award of fees to a prevailing party in an action under the Arizona Civil Rights Act.

■ It is well established that an award of fees to a prevailing defendant under § 2000e–5(k) is appropriate only upon a finding that the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.1993) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)). The federal policy disfavoring fee awards to prevailing defendants under Title VII applies equally to an award of fees under A.R.S. § 41–1481.J. *See Sees v. KTUC, Inc.*, 148 Ariz. 366, 714 P.2d 859, 862 (App.1985). In this case, the Court finds that Plaintiff's action was not "frivolous, unreasonable or without foundation". Defendant is therefore not entitled to an award of fees under either the federal or state civil rights statutory scheme.

■ Next, Defendant seeks an award of attorney's fees pursuant to A.R.S. § 12–341.-01.A, which provides for a discretionary award of attorney's fees to the successful party in "any contested action arising out of a contract...." Plaintiff argues that the *Christiansburg* standard (limiting an award of fees to a prevailing defendant to those cases where the action was "frivolous, unreasonable, or without foundation") applies to a request for fees under A.R.S. § 12–341.01, in the employment context, and that Defendant's request for fees under that section should be denied as well. Defendant disagrees. Both parties rely upon the same case, *Mullins v. Southern Pacific Transportation Co.*, —— Ariz. ——, ——, 851 P.2d 839, 842 (App.1992), in support of their respective positions.

■ After a careful reading of *Mullins* and of *Sees*, the Court concludes that the federal policies limiting an award of fees under § 2000e–(5)(k) and A.R.S. § 41–1481.J do not apply to an award of fees to a prevailing defendant under § 12–341.01.A. Nothing in the factual background or language of those cases compels that conclusion. To the contrary, "A.R.S. § 12–341.01.A is remedial in nature and such relief is equally available to those who successfully defend an action as to those who successfully seek affirmative relief." *Schwartz v. Farmers Ins. Co. of Arizona*, 166 Ariz. 33, 800 P.2d 20 (App. 1990). Thus, to the extent that a claim in an employment case arises out of a contract and not out of federal or state civil rights law, it should be treated as any other contract claim, and attorney fees thereunder awarded pursuant to the standards generally applicable to such discretionary determinations.

■ In *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), the Arizona Supreme Court set forth the factors to be considered in determining whether attorney's fees should be awarded under § 12–341.01. Those factors include:

1. the merits of the claim or defense presented by the unsuccessful party;
2. whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;
3. whether assessing fees against the unsuccessful party would cause an extreme hardship;
4. whether the successful party prevailed with respect to all of the relief sought;
5. the novelty of the legal question presented, and whether the claim or defense had previously been adjudicated in this jurisdiction;
6. whether the award in that particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Id.* at 570, 694 P.2d at 1184.

Applying those standards to this case, the Court first notes that of the eight causes of action asserted by Plaintiff, only Count IV arose out of contract. The legal question presented by the contract claim was not particularly complex or novel, and Defendant prevailed under existing Arizona case law which indicated that the handbook provisions in question were contractual in nature, and that Plaintiff was bound by her consent to follow the exclusive remedies afforded under the handbook. *See e.g. Chambers v. Valley Nat. Bank of Arizona*, 721 F.Supp. 1128, 1131–32 (D.Ariz.1988); *Thomas v. Garrett Corp.*, 744 F.Supp. 199, 203 (D.Ariz.1989).

However, even though the merits of the contract claim were not particularly strong, it is unlikely that litigation on that claim could have been completely avoided or settled, given the existence of the numerous noncontractual claims whose outcome was not at all certain. Those claims were both factually and legally well supported, and Defendant prevailed on summary judgment only because of the untimeliness of the claims. Even the statute of limitation question was not clear, since the validity of that defense depended upon the availability of equitable tolling, which in turn implicated other factual and legal issues requiring judicial resolution. It is unlikely that Defendant could have avoided litigating the contract claim as long as those other claims were outstanding.

The Court has no basis for determining whether awarding attorney's fees in this case "would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees", but suspects that an award would neither encourage nor discourage future contract-based litigation. Likewise, there is no evidence before the Court from which it may determine whether an award of fees would cause extreme hardship upon Plaintiff.

After consideration of the relevant factors, the Court finds that an award of fees is properly made under § 12–341.01.A. However, the Court must be particularly careful not to award any fees which may also have been associated with the defense of the federal and/or state discrimination claims, since to do so might have a tendency to chill such litigation, contrary to the clear "Congressional intent that discrimination be eradicated." *Sees*, 148 Ariz. at 369, 714 P.2d at 862.

Review of the record in this case reveals that most of the time claimed would likely have been spent in defense of the seven noncontractual claims, even in the absence of the one contractual claim. The greater part of the defense effort appears to have been directed towards the statute of limitations and equitable tolling issues, which pertained solely to the noncontractual claims (including the federal and state discrimination claims), and is therefore not recoverable. Any time which applies to both contractual claims and noncontractual claims is not properly recoverable by Defendant.

The Court has been unable to precisely determine which time was necessarily spent *only* in defense of the contract claim. In many instances, the billing entries were either insufficiently detailed to allow the Court to determine whether the time incurred was spent in relation to the contractual or noncontractual claims, or contained time spent on both contractual and noncontractual matters, with no basis for the Court to allocate the time between the two.

After review of the documentation in light of the Court's above-stated concern about the overlap in time between contractual and non-

contractual claims, particularly where those noncontractual claims involve alleged civil rights violations, and given the other circumstances of this case set forth above, the Court finds that an award of attorney's fees in the amount of $1,500.00 is reasonable and appropriate.

Based on the foregoing,

IT IS ORDERED that Defendants' Petition for Award of Attorney's Fees is granted in the amount of $1,500.00. The Clerk is directed to enter a final judgment in accordance with this ruling, and in accordance with the Court's ruling of March 4, 1993, granting summary judgment in favor of Defendant.

The Clerk is directed to forthwith notify counsel of record of the making of this Order.