77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack R. THOMAS, Plaintiff-Appellant,
v.
ALLIED-SIGNAL, INC.; Gary Freburger, Defendants-Appellees.
 No. 95-15264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 20, 1996.
 
 Before: BROWNING, PREGERSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack R. Thomas appeals pro se the district court's summary judgment for defendants in his employment discrimination action. Thomas also appeals the district court's denial of a number of motions. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Merits
 
 
 4
 We review the grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 5
 "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.' " Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir.1989) (citation omitted). Accordingly, the only claims properly before the district court were that (1) Thomas was denied a promotion because of his age and (2) Thomas was retaliated against for complaining that promotion-selection criteria were discriminatory.
 
 A. Age Discrimination Claim
 
 6
 Thomas contends that the district court erred by granting summary judgment for defendants on his claim of age discrimination. This contention lacks merit.
 
 
 7
 Claims brought under the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA") are analyzed using the framework developed for claims brought under Title VII of the 1964 Civl Rights Act, 42 U.S.C. § 2000e-2 ("Title VII"). Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1436 (9th Cir.1990).
 
 
 8
 Once Thomas established a prima facie case of age discrimination, defendants had the burden of "articulating some 'legitimate, nondiscriminatory reason' for its conduct." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983) (citation omitted). Once defendants produced an explanation for the at-issue employment decision, "the burden then returned to [Thomas] to demonstrate that [defendants'] explanation was but a pretext for discrimination." Id.
 
 
 9
 Here, defendants presented evidence that they ranked candidates for promotion in light of the candidate's level of education, work experience, relevant professional knowledge, and recent performance rating. Because Thomas failed to demonstrate that defendants' explanation was merely a pretext for discrimination, we conclude that the district court properly granted summary judgment for defendants on Thomas's age discrimination claim. See Steckl, 703 F.2d at 393.[1]
 
 B. Retaliation Claim
 
 10
 Thomas contends that the district court erred by granting summary judgment for defendants on his claim of retaliation.[2] This contention lacks merit.
 
 
 11
 The framework for analyzing claims of age discrimination also governs claims of retaliation brought under the ADEA. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 730-33 (9th Cir.1986).
 
 
 12
 Although Thomas submitted an affidavit with statements sufficient to establish a prima facie case of discriminatory retaliation, defendants' explanation of their decisions regarding the promotions demonstrate that they had legitimate, non-retaliatory reasons for not granting Thomas the promotions. See id. Because Thomas does not present an argument as to how the selection criteria were designed or manipulated to illegitimately deny him the promotion, and two years passed between Freburger's threat and the promotion decisions in question, we cannot conclude that the district court erred by finding that Thomas failed to establish a genuine issue of fact as to whether defendants' explanation was pretextual. See id. at 731-33; cf. Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987) (stating that deficient application for promotion is insufficient to support a claim of retaliation).
 
 
 13
 Accordingly, the district court did not err by granting summary judgment for defendants on Thomas's retaliation claim. See Steckl, 703 F.2d at 393.
 
 II
 Motion to Amend
 
 14
 Thomas contends that the district court erred by denying his motion to amend his complaint to add a claim concerning a discriminatory layoff and a claim concerning defendants' "false swearing" in a previous action. Thomas's contention lacks merit.
 
 
 15
 Thomas's claim that defendants' decision to lay him off in 1987 was discriminatory was previously litigated in Thomas v. Garrett Corp., 744 F.Supp. 199 (D.Ariz.1989), aff'd, 904 F.2d 41 (9th Cir.), cert. denied, 111 S.Ct. 513 (1990). Because Thomas presented no evidence that defendants were state actors and because this is a civil action, Thomas's claim that defendants had lied in this prior action could not be brought under the Fourteenth Amendment or the two criminal statutes Thomas cited as a foundation for his "false swearing" claim.
 
 
 16
 Accordingly, the district court did not abuse its discretion by denying Thomas's motion to amend his complaint. See United States v. County of San Diego, 53 F.3d 965, 969 n. 6 (9th Cir.), cert. denied, 116 S.Ct. 183 (1995).
 
 III
 Appointment of Counsel
 
 17
 Thomas contends that the district court erred by denying his motion for appointment of counsel. Because Thomas failed to demonstrate a likelihood of success on the merits or an inability to articulate his claims in support of his motion for appointment of counsel, the district court's denial of Thomas's motion for appointment of counsel brought under 28 U.S.C. § 1915(d) was not an abuse of discretion. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 IV
 Remaining Motions
 
 18
 A. Motions to Compel Production of Documents
 
 
 19
 Thomas contends that the district court erred by denying his motion to compel defendants to provide Thomas with a photocopy of his deposition. The district court denied Thomas's motion based on its conclusion that defendants had no duty to provide a photocopy of the entire transcript and that Thomas possessed all of the information contained in his deposition testimony. We cannot conclude that the district court abused its discretion by denying Thomas's motion to compel. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995).[3]
 
 
 20
 Thomas also contends that the district court erred by denying his motion to compel production of documents. Because Thomas failed to provide this court with transcripts or any relevant documentation and failed to present an argument as to how the district court's partial denial of his motion to compel hindered his effort to respond to defendant's summary judgment motion, we decline to review this issue. See Fed.R.App.P. 10(b)(2) (stating where transcripts are necessary to review an issue raised on appeal, it is the duty of the party who raises that issue to provide the transcripts); Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989).
 
 
 21
 B. Motion for Sanctions for Abuse of Discovery
 
 
 22
 Thomas contends that the district court erred by denying his motion for sanctions pursuant to Fed.R.Civ.P. 37 regarding Gary Freburger's failure to cooperate with the taking of his deposition. A review of the record and the transcript of Freburger's deposition indicates that Thomas's complaints regarding a failure to cooperate focus on nothing more than reasonable objections by defendants' counsel and Freburger's lack of knowledge or inability to recall information concerning certain questions. We cannot conclude that the district court abused its discretion by denying Thomas's motion for sanctions. See Telluride Management Solutions, Inc. v. Telluride Investment Group, 55 F.3d 462, 465 (9th Cir.1995).
 
 C. Motions to Strike
 
 23
 Thomas contends that the district court erred by denying his motion to strike defendants' reply to Thomas's response to defendants' motion for summary judgment. Although the district court should have granted Thomas's motion to strike defendants' reply as untimely, the district court's error is harmless because we may affirm the district court's summary judgment for defendants without considering defendants' untimely reply.
 
 
 24
 Thomas also contends that the district court erred by denying his motion to strike two corrected affidavits submitted by defendants. Upon review of the original and corrected affidavits, we conclude that the original affidavit merely contained a typographical error, instead of a deliberate misrepresentation. Accordingly, we cannot conclude that the district court erred by denying Thomas's motion to strike the corrected affidavits. See Herring v. Delta Air Lines, Inc., 894 F.2d 1020, 1021 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990).
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Thomas's allegations could be construed as a claim that defendants' age-neutral factors had a disparate impact because of age, Thomas has failed to establish the elements of a disparate-impact claim. See Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1474 (9th Cir.1995) (stating that Ninth Circuit recognizes disparate-impact theory in age-discrimination cases); cf. 42 U.S.C. § 2000e-2(k) (stating elements of disparate-impact claim for Title VII)
 Because Thomas presented no evidence of discrimination on the basis of race, the district court properly granted summary judgment on Thomas's 42 U.S.C. § 1981 claim. See Associated General Contractors of Cal., Inc. v. City and County of San Francisco, 813 F.2d 922, 928 n. 11 (9th Cir.1987). Because Thomas failed to establish that defendants were state actors, the district court properly granted summary judgment on Thomas's Fourteenth Amendment claim brought under 42 U.S.C. § 1983. See Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 929 (1982).
 
 
 [2]
 Although Thomas styles his retaliation claim as a claim under Title VII, because Thomas's EEOC charge and this lawsuit focus on claims of age-based discrimination, we conclude that Thomas's charge of retaliation is most appropriately construed as a claim under the ADEA
 
 
 [3]
 The record indicates that defendants were willing to allow Thomas to review and photocopy reasonable portions of the transcript. Moreover, the district court later granted Thomas's motion to compel defendants to transmit a copy of the deposition transcript to the district court so that it could become part of the record in this case