Filed 7/30/14  Villafana v. County of Los Angeles CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROBERT VILLAFANA, | B246866 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC450103) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Alan Rosenfield, Judge.  Affirmed.

Myer Law Firm and Scott D. Myer for Plaintiff and Appellant.

Law Offices of David J. Weiss, David J. Weiss, Peter M. Bollinger and Michael Forman for Defendant and Respondent.

Appellant, Robert Villafana, appeals the trial court's order awarding attorney fees to respondent, County of Los Angeles, in the amount of $73,160.00, and costs of suit in the amount of $3,029.40.

In 2010, appellant filed a complaint against respondent for violations of the Fair Employment and Housing Act (FEHA). He also sued for violations of the Family Medical Leave Act (FMLA) and California Family Rights Act (CFRA), public policy violations, and federal civil rights violations. In a previous unpublished opinion, we upheld the trial court's grant of summary judgment. (*Villafana v. County of Los Angeles* (March 4, 2014, No. B244114 [nonpub opn.].).)

We now conclude the trial court did not abuse its discretion in finding that appellant's FEHA claims were "frivolous, unreasonable, or without foundation," and that the non-FEHA claims were sufficiently intertwined with the facts of the FEHA claims that it was not necessary to apportion the fees. We affirm the order awarding reasonable fees and costs to respondent.

**FACTS AND PROCEDURAL SUMMARY**

We have borrowed the relevant facts and procedural summary from our opinion in case No. B244114.

In October 1991, appellant, a social worker with the Los Angeles County Department of Children and Family Services, noticed that a fellow employee had left a child and parent unsupervised in what was supposed to be a monitored visitation. During the unmonitored portion of the visitation, the parent molested the child. Appellant reported this incident to his supervisor and other individuals in 1991, 1996, 1998, 1999, 2000, 2004 and 2008. He took time off from work frequently, claiming stress caused by the incident and by respondent's failure to investigate it. His last day at work was on March 20, 2000. In September 2003, appellant was certified "permanently psychiatrically disabled." In December 2004, he was approved for Social Security disability benefits based on "total disability" as of September 2000.

2

Before July 2008, several psychiatric reports indicated that appellant would be able to work on a part-time basis in a limited number of jobs. However, in July 2008, a psychiatrist certified that appellant was completely unable to work. In October 2008, respondent notified appellant of its intent to release him from employment due to his medical condition. This decision became effective on November 24, 2008. Respondent dismissed appellant without prejudice so that he could reapply if his medical condition improved.

On November 23, 2009, appellant filed a complaint with the California Department of Fair Employment and Housing (DFEH). A year later, he filed a civil suit against respondent, which included eight causes of action. He brought five FEHA claims: (1) harassment in violation of Government Code section 12940, subdivision (j)[1]; (2) discrimination based on age, religion, national origin, ancestry, disability, and his pattern of complaints in violation of section 12940, subdivision (a); (3) retaliation in violation of section 12940, subdivision (h); (4) denial of accommodations in violation of section 12940, subdivision (m); and (5) failure to prevent discrimination, harassment, and retaliation in violation of section 12940, subdivision (k). Appellant also brought three non-FEHA claims: (1) FMLA and CFRA violations; (2) wrongful termination in violation of public policy; and (3) civil rights violations pursuant to sections 1981 and 1983 of title 42 of the United States Code. In 2012, the trial court granted summary judgment to respondent, which we affirmed in case No. B244114.

Respondent then filed a memorandum of costs, totaling $4,165.10, and appellant moved to tax costs. Respondent also moved for $97,741.50 in attorney fees under FEHA section 12965, subdivision (b), on the ground that "[p]laintiff's claims were without foundation, unreasonable, and completely baseless."

In opposition, appellant argued that attorney fees under FEHA should only be awarded to the defendant when the plaintiff has engaged in outrageous or egregious conduct, or has abused the litigation process; attorney fees should not be awarded when

---

[1] All further references are to the Government Code, unless otherwise indicated.

3

the defendant obtains summary judgment as a result of the statute of limitations; there is no basis for an attorney fee award on the non-FEHA claims; respondent did not break down its attorney fees sufficiently and requested an unreasonable amount.

In reply, respondent argued that the non-FEHA claims arose out of the same set of facts as the FEHA claims, and that it was entitled to all attorney fees incurred in defending the suit. Additionally, it argued that it was entitled to attorney fees incurred in defending appellant's federal civil rights claim because section 1988, subdivision (b), of title 42 of the United States Code includes an attorney fee provision. Finally, respondent argued the amount requested was reasonable and appellant did not establish that an award of attorney fees would lead to his financial ruin.

The trial court granted appellant's motion to tax costs, reducing respondent's claimed costs by $1,135.70. The court ordered appellant to pay court costs of only $3,029.40.

The trial court also granted respondent's motion for attorney fees, finding that "[d]efendant persuasively show[ed] that Plaintiff's [FEHA] action was 'frivolous, unreasonable, or without foundation.'" (9AA 2449)~ The court found that parsing out the fees incurred on the CFRA/FMLA claim and the public policy claim was unnecessary because the facts overlapped with the FEHA claims. The court also ruled that respondent was entitled to fees incurred on the federal civil rights claim because of the fee provision in that statute.

The trial court stated that appellant's strongest argument was that attorney fees should not be awarded when summary judgment was granted for legal reasons, such as the statute of limitations. However, the bar of that statute was not the only basis upon which the case was decided, and appellant had not cited "California case law holding that the Court cannot consider timeliness as a factor in a FEHA attorney fees award."

Although appellant did not identify any specific fees as excessive, after reviewing the attorneys' billing records, the court determined that "the fees were 'padded' or inefficient by approximately 20-30%," and reduced the fee award by 30 percent. Because appellant presented no evidence of his financial inability to pay, the court found

4

he was not entitled to any further reduction of fees under *Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1202–1203 (*Villanueva*). The court multiplied what it determined to be a reasonable fee by a reasonable number of hours to award respondent $73,160.00 in fees.

Appellant filed a timely appeal.

## DISCUSSION

### I

In a FEHA action, "the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs." (§ 12965, subd. (b).) The abuse of discretion standard applies to review such an award. (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 989 [trial court did not abuse its discretion when it denied FEHA attorney fees to prevailing plaintiff].) We may infer the trial court abused its discretion if there is no substantial evidence to support an award of attorney fees. (*Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro* (2001) 91 Cal.App.4th 859, 865 (*Rosenman*) [reversing trial court's award of attorney fees to prevailing defendant because record revealed no substantial evidence to support award, indicating that trial court abused its discretion].)

### II

*A. FEHA Claims*

Appellant argues the trial court abused its discretion in awarding fees to respondent. The award of attorney fees to a prevailing defendant in a FEHA action should not be made routinely or simply because the defendant prevails—an award is proper "'but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" (*Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383, 1387 (*Cummings*), quoting *Christianburg Garment Co. v. EEOC* (1978) 434 U.S. 412, 416–417.) The underlying action must be "vexatious," which is to say "groundless" or without foundation," even though not brought in subjective bad faith. (*Cummings* at p. 1387.)

5

In *Saret-Cook v. Gilbert, Kelly, Crowley & Jennet* (1999) 74 Cal.App.4th 1211, 1229 (*Saret-Cook)*, the court noted that a plaintiff's claim need only be one of the following for an award of fees to be proper: unreasonable, frivolous, meritless, or vexatious. A prevailing defendant can demonstrate that it should be awarded fees by showing that the plaintiff's suit was "obviously contrary to undisputed facts or well established legal principles specifically precluding the type of injury alleged." (*Cummings, supra,* 11 Cal.App.4th at p. 1390.) Attorney fees are awarded to a prevailing defendant where "the plaintiff's conduct was egregious or . . . patently baseless for objective reasons." (*Id.* at p. 1389.)

Appellant argues that fees should only be awarded where the plaintiff acted in bad faith, abused the litigation process, harassed the defendant, or engaged in "outrageous or egregious" conduct. However, courts use the term "baseless," not "outrageous." (See e.g., *Cummings*, *supra*, 11 Cal.App.4th at p. 1389.) Additionally, the *Cummings* court was noting a pattern, not outlining a requirement. (*Ibid.*) To be entitled to attorney fees, respondent needed only to show that appellant's claims were patently baseless. As we shall explain, it did.

A plaintiff's bad faith, abuse of the litigation process, or harassing conduct provides a stronger basis for an award of attorney fees, but is not required. (See e.g., *Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 925 [plaintiff's subjective bad faith is not necessary prerequisite to award attorney fees to prevailing defendant]; *Saret-Cook, supra,* 74 Cal.App.4th at p. 1215 [plaintiff's inappropriate conduct toward defendant provided an "overwhelming" basis for award of attorney fees to prevailing defendant].)

Appellant argues an award of attorney fees should not be made when a FEHA case is dismissed on the basis of the statute of limitations, citing *Moses v. Phelps Dodge Corp.* (D. Az. 1993) 826 F.Supp. 1234 (*Moses*). In *Moses*, an attorney fee award to the prevailing defendant was deemed improper since the defendant "prevailed on summary judgment only because of the untimeliness of the [plaintiff's] claims." (*Id.* at p. 1237.) The plaintiff's lawsuit in that case was not completely frivolous, and even the validity of

6

the statute of limitations defense was not clear when plaintiff filed suit, since it turned on issues that required judicial resolution. (*Ibid.*) Additionally, several of the plaintiff's claims were "both factually and legally well supported." (*Id.* at p. 1236)

As the trial court noted here, unlike *Moses, supra*, 826 F.Supp. 1234, the motion for summary judgment "was not granted solely on [statute of limitations] grounds . . . [and] the [statute of limitations] defense in this case was particularly strong." For appellant to succeed on his FEHA claims, he had to show that respondent committed a violation within the statutory period of one-year before his DFEH complaint. (See *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1056 [events that occur outside of the statutory period can be actionable, but they must be sufficiently linked to unlawful conduct inside of the statutory period].) He did not. The only event that took place inside of the one-year statutory period preceding appellant's November 23, 2009 DFEH complaint was the effective date of the release on November 24, 2008. (See § 12960, subd. (d).) Appellant offered no evidence that the release violated FEHA.

In *Cummings*, a FEHA discrimination case, the court reversed an order of attorney fees to the prevailing defendant. (*Cummings, supra,* 11 Cal.App.4th at p. 1391.) The plaintiff presented some evidence substantiating her claims, just not enough to support a triable issue of material fact. (*Cummings* at p. 1389.) The court noted that a divided panel affirmed summary judgment to the defendant, indicating that reasonable minds differed about the merits of the case. (*Ibid*.) Thus, it would have been improper in that case to hold the plaintiff's claim to be frivolous, unreasonable, or without foundation. (*Ibid*.)

An employer is within its rights to "discharge an employee with a . . . disability when that employee is unable to perform the essential duties of the job even with reasonable accommodation." (*Green v. State of California* (2007) 42 Cal.4th 254, 257 (*Green*).) To raise a successful discrimination claim, "the plaintiff employee bears the burden of proving that he or she was able to do the job, with or without reasonable accommodation." (*Id.* at p. 262.) Unlike *Cummings, supra,* 11 Cal.App.4th 1383, here appellant's disability discrimination claim failed not just because he did not present

7

sufficient evidence; he presented *no evidence* at all, other than his own belief, to show that he would be able to perform his essential job duties. A physician certified that appellant was unable to work in any occupation, even on a part-time basis. Because appellant produced no evidence to support a discrimination claim stemming from his 2008 medical release, the trial court did not abuse its discretion in finding that the discrimination claim was without foundation, or patently baseless.

An employer also has no duty to engage in the interactive process with an employee when no reasonable accommodation is available or when there is no vacant position at the company for which the employee is qualified. (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 981.) It was frivolous and unreasonable to claim that respondent had a duty to place appellant in another position when he was unable to work in *any* position.

Appellant's retaliation claim failed because he did not show a causal link between his reports of the 1991 incident and his 2008 release. (See *Yanowitz, supra,* 36 Cal.4th at p. 1042 [employee must show a causal link between employee's protected activity and employer's adverse action].) It is well established that the protected activity must occur before the adverse employment action. (See *Wysinger v. Automobile Club of Southern California* (2007) 157 Cal.App.4th 413, 421 (*Wysinger*).) Appellant's 2008 report of the incident occurred after respondent sent its October 2008 notice of intent to release him. It is illogical to claim that the triggering event for appellant's termination occurred after respondent's decision to release him on medical grounds.

Appellant's other reports of the 1991 incident, in 1991, 1996, 1998, 1999, 2000 and 2004, were too remote to establish a causal connection. "A long period between an employer's adverse employment action and the employee's earlier protected activity may lead to the inference that the two events are not causally connected." (*Wysinger*, *supra*, 157 Cal.App.4th at p. 421.) Temporal gaps longer than several months do not support an inference of causation. (See, e.g., *Clark County School Dist. v. Breeden* (2001) 532 U.S. 268, 274 [20-month gap did not show causation]; *Richmond v. ONEOK, Inc.* (10th Cir. 1997) 120 F.3d 205, 208 [three-month gap did not show causation]; *Hughes v. Derwinski*

8

(7th Cir. 1992) 967 F.2d 1168, 1175–1175 [four-month gap did not show causation].)[2] Between 1998 and 2000, appellant lodged complaints about the 1991 incident annually, but he was not terminated. His last complaint was in 2004, four years before respondent's decision to release him. There is no basis for his claim that respondent waited until 2008 to respond in retaliation for his previous complaints.

Moreover, respondent offered "a legitimate, nonretaliatory reason for the adverse employment action." (*Yanowitz, supra,* 36 Cal.4th at p. 1042.) As already discussed, at the time it notified appellant of its intent to release him from employment, and on the effective date of discharge, appellant was completely unable to work in any job. He presented no evidence that respondent's claimed reason for terminating his employment was pretextual. (See *Iwekaogwu v. City of Los Angeles* (1999) 75 Cal.App.4th 803, 816 [if employer shows nonretaliatory reason for adverse action, plaintiff only succeeds by presenting evidence that employer's reason was pretextual].) Therefore, the trial court did not abuse its discretion in finding the retaliation claim to be frivolous, unreasonable, or without foundation.

Appellant's harassment claim failed because "harassment focuses on situations in which the *social environment* of the workplace becomes intolerable." (See *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 706.) Common personnel decisions, such as termination, cannot form the basis for a harassment claim. (*Reno v. Baird* (1998) 18 Cal.4th 640, 647.) It was unreasonable to claim an intolerable social environment at the workplace inside of the statutory period because appellant had not been at the workplace since 2000, well outside of the statute of limitations. It also was unreasonable to claim that the 2008 termination was actionable because that personnel decision could not form the basis for a harassment claim, and appellant was terminated for a valid medical reason.

The "failure to prevent" claim failed because this cause of action requires a preliminary finding of discrimination or harassment. (See *Carter v. California Dept. of*

---

[2] When FEHA provisions are similar to Title VII provisions, California courts look to federal Title VII cases as an aid in construing FEHA. (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1040.)

*Veterans Affairs* (2006) 38 Cal.4th 914, 925, fn. 4.) Therefore, a threshold finding that the harassment and discrimination claims were frivolous, unreasonable, or without foundation necessarily means that the failure to prevent claim was similarly baseless.

The trial court did not abuse its discretion in awarding attorney fees on appellant's FEHA claims because all five claims were frivolous, unreasonable, or without foundation.

*B. Non-FEHA Claims*

Appellant also argues that, even if respondent is awarded fees incurred in defending the FEHA causes of action, it is not entitled to the fees incurred in defending the three non-FEHA claims: (1) the FMLA and CFRA claim; (2) the wrongful termination in violation of public policy claim; and (3) the federal civil rights claim.

Typically, "[w]hen a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action." (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.) However, "[s]uch fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not." (*Ibid.*) In a FEHA action, the trial court can award attorney fees and costs incurred defending both FEHA and non-FEHA claims if the plaintiff's " " "various claims involve a common core of facts or are based on related legal theories." [Citation.]' [Citation.]" (*Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1251 (*Taylor*).) Apportionment is not required " "when the issues . . . are so inextricably intertwined that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units. [Citations.]' [Citation.]" (*Ibid.*) In *Taylor,* an employment discrimination case, the court noted that " " "employment discrimination cases, by their very nature, involve several causes of action arising from the same set of facts." [Citation.]' [Citation.]" (*Ibid.*)

Appellant's FMLA/CFRA claim is based on the premise that had respondent provided him reasonable accommodation and allowed him to return to work, he could

10

have taken time off under CFRA (§ 12945.2) and FMLA (29 U.S.C. section 2601 et seq.) due to stress. This claim necessarily overlaps with his FEHA failure to accommodate claim. Appellant essentially conceded the inextricable similarity between the public policy claim and the FEHA claims when he described the public policy cause of action as a duplication of his FEHA claims. Appellant's 42 United States Code section 1981 claim arises out of the same common core of facts as his FEHA discrimination claim, as a section 1981 inquiry turns on whether an individual was provided equal benefit of the laws. His 42 United States Code section 1983 claim turns on the same core facts as his retaliation claim, as both claims center around the reports of the child abuse incident. (See § 12940, subdivision (h).)

There also is an independent basis for an attorney fee award on these claims. Section 1988, subdivision (b), of title 42 of the United States Code states that "[i]n any action or proceeding to enforce a provision of sections 1981 . . . [and] 1983 . . . of this title, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." Awards of attorney fees under section 1988 will not be disturbed unless the appellate court finds the trial court abused its discretion. (*Pyne v. Meese* (1985) 172 Cal.App.3d 392, 408.) We conclude the trial court did not abuse its discretion when it refused to apportion the fees incurred in defending appellant's federal civil rights claims.

It would be impractical to separate respondent's time into compensable and noncompensable units because its billing records were based on time spent working on a particular stage of the litigation process, not on time spent defending individual causes of action. Appellant's non-FEHA claims related to the same common core of facts as his FEHA claims and there is an independent statutory basis for recovery of attorney fees on the federal civil rights claims.

*C. Amount of Fees*

Appellant next argues that, even if we hold that an award of fees is proper, the trial court abused its discretion in awarding an excessive amount to respondent. The trial court awarded 70 percent of respondent's requested fees, or a total of $73,160.00. "'It is

11

well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court . . . . [Citations.]'" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.) The trial court's finding on the reasonable value of services will only be disturbed if it is clearly wrong—meaning that the trial court abused its discretion. (*Ibid.*) In California, a reasonable attorney fee is generally computed using the lodestar method, whereby the number of hours reasonably expended on the case is multiplied by a reasonable hourly rate.

A reasonable hourly rate is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. (See *PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1095.) This standard applies even if the attorney charges a below-market rate. (*Chacon v. Litke* (2010) 181 Cal.App.4th 1234.) Here, the trial court found that the billed rate of $155.00 per hour might actually be low for the Los Angeles legal market, implying that it would be within its discretion to raise the hourly rate. Appellant has not shown that a lower hourly rate would have been appropriate.

Appellant also takes issue with the amount of hours respondent claimed to have expended defending the case. When a fee request is supported by documentation and declarations, an attack on the reasonableness of the fee requires the opposing party to present evidence that the claimed hours were not reasonable, or "obtain the declaration of an attorney with expertise in the procedural and substantive law to demonstrate that the fees claimed were unreasonable." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 563–564 (*Premier*).)

After reviewing respondent's itemized billings, the trial court exercised its discretion to remove fees the court determined to be "duplicative, inefficient, or unnecessary." Appellant asserts the court should have further reduced the fees, so as to only award fees incurred after he "should have known that his claims were frivolous." This is not the correct standard for computing an attorney fee award. Appellant did not fulfill the *Premier* requirements necessary to refute an award of attorney fees—he neither presented evidence that itemized billings were inappropriate nor obtained the declaration of an attorney with the necessary expertise to demonstrate that the claimed fees were

12

unreasonable.  (See *Premier*, *supra*, 163 Cal.App.4th at pp. 563–564.)  We are not persuaded by appellant's argument that respondent calculated the hours it expended on the case by simply multiplying average monthly hours by the number of months spent defending the case.  Respondent itemized its expenditures, delineating different amounts for each month based upon the number of hours spent defending the case during that month.

Appellant also argues we should reduce or eliminate the award based on his financial status.  When awarding fees to the defendant, a trial court should make written findings concerning the plaintiff's ability to pay attorney fees in light of the plaintiff's financial situation.  (*Villanueva, supra*, 160 Cal.App.4th at pp. 1202–1203.)  Courts are loath to award attorney fees that would ""'subject the plaintiff to financial ruin. [Citation]'""  (*Rosenman, supra,* 91 Cal.App.4th at p. 868, fn. 42, quoting *Patton v. County of Kings* (9th Cir. 1988) 857 F.2d 1379, 1382.)  The plaintiff should present evidence of his inability to pay.  (*Villanueva,* at p. 1204 [refusing to reduce an attorney fee award because plaintiff did not offer "a declaration setting forth his gross income, his net income, his monthly expenses, his assets, or any other information which he thought would lend support to his position"].)

As in *Villanueva, supra*, 160 Cal.App.4th at 1188, appellant did not offer a declaration or any other evidence of his inability to pay.  Instead, in his opposition to respondent's motion for attorney fees he argued in conclusionary fashion that an attorney fee order would "absolutely lead to [his] financial ruin" and that his job and medical condition do not reflect a person of "large earnings capacity or potential."  Appellant's unsupported argument in his brief does not constitute evidence.  (*Ibid.*)

The trial court did not abuse its discretion in applying the lodestar method to determine the reasonable amount of attorney fees and in concluding that appellant did not adequately demonstrate his financial inability to pay.

### III

Although appellant states in his opening brief that he is appealing an award of costs, he makes no argument supporting this assertion. "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code of Civ. Proc., § 1032, subd. (b).) Here, there is no statutory basis precluding an award of court costs to respondent. Therefore, we affirm the trial court's order to award respondent $3,029.40 in costs.

### DISPOSITION

The order is affirmed. Respondent is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.